## EAST v. PUGH ET AL.

1. **Real Estate:** VENDEE OF INNOCENT PURCHASER TAKES GOOD TITLE. One who, as an innocent purchaser of land for value, has good title against an outstanding equity, may transmit such good title to subsequent purchasers, even though they have notice of such equity. (See authorities cited in opinion.)

2. **Acknowledgment:** LEGALIZING ACT: EFFECT OF. Chapter 160, Laws of 1870, legalizing acknowledgments of conveyances made in other states in accordance with the laws thereof, caused a deed so acknowledged, and recorded before said act became a law by publication, to have the same effect as if it had been properly acknowledged according to the laws of Iowa.

*Appeal from Adair Circuit Court.*

WEDNESDAY, MARCH 9.

ACTION to foreclose a mortgage. After trial upon the merits, plaintiff's petition was dismissed. He now appeals to this court.

*John Hudspeth, Temple & Phelps* and *Harry E. Don Carlos,* for appellant.

*Gow & Hager,* for appellees.

BECK, J.—I. The mortgage in suit was executed and acknowledged March 22, 1879, in the state of Indiana, in conformity to the laws of that state. The mortgagee, the plaintiff, on the same day and at the same place, conveyed the land to the mortgagor by a warranty deed, executed and acknowledged in the same form and manner as the mortgage, which was given to secure a part of the purchase money for the land. The deed was filed for record March 24, 1870, and the mortgage on the sixteenth day of April of the same year. On the twenty-fourth day of March, 1870, the mortgagor, Pugh, conveyed the land by deed of warranty, for a sufficient consideration to John Taylor; the deed being filed for record the

same day.   The defendant Myers acquired title to the land
through Taylor and his grantees, by sufficient deeds.   The
certificates showing the acknowledgment of the deed and
mortgage executed by plaintiff and Pugh, respectively, do
not conform with the requirements of the statute then in
force in this state.

II.   The controlling question in the case is this:   Is the
title acquired by defendant Myers paramount to the mort-
gage in suit, which was not recorded when the deed to Tay-
lor was executed upon which Myers' title is based?   Leaving
out of view questions arising upon the defective acknowl-
edgments, we answer the question affirmatively.   Taylor was
a purchaser for value, and without notice, constructive or
actual, of plaintiff's mortgage.   He therefore acquired a
valid title, superior to plaintiff's mortgage.   It is a rule that
the holder of a good title clothes his grantee with the same
rights, and conveys to him the same title, which he holds
himself.   It is not necessary for Myers to show that the
grantees intervening between him and Taylor purchased
without notice of the mortgage, and paid value for the land.
We will not be expected to cite authorities in support of this
familiar rule.   See, however, *Nolan v. Grant*, 53 Iowa, 392,
cited by plaintiff's counsel; *Chambers v. Hubbard*, 40 Id.,
432; and *Ashcraft v. De Armond*, 44 Id., 229.

III.   We will now inquire as to the effect of the defective
acknowledgment of the deed and mortgage.   Chapter 160, Acts
**2. ACKNOWL-** of the Thirteenth General Assembly, provides that
**EDGMENT:** all deeds and conveyances of land situated in
**legalizing act:** this state, which have been acknowledged or
**effect of.**
proved in another state in accord with the laws thereof, and
which have been recorded in this state, are "confirmed and
declared effectual and valid in law, to all intents and purposes,
as though the said deeds or conveyances so acknowledged or
proved and recorded had, prior to being recorded, been
acknowledged or proved within this state."   Statutes to the
same effect were subsequently enacted.   Chapter 110, Acts

Fourteenth General Assembly. See Miller's Code, (Ed. 1880) §§ 1966–1968, p. 533. Under these statutes the deed of plaintiff to Pugh is to be regarded as having the same effect from the day of its record as it would have had if it had been properly acknowledged. Pugh's title, then, is based upon a valid deed, and the whole world must be regarded as having notice thereof from the time it was filed for record; and Myers, and those under whom he claims, including Porter, were not put upon inquiry, as may have been the case if the law would permit us to regard plaintiff's deed to Pugh as unrecorded because it was not lawfully acknowledged.

. We reach the conclusion that Myers' title is superior to the lien of plaintiff's mortgage.

The decree of the circuit court dismissing plaintiff's petition is

                                              AFFIRMED.