HANSON, Appellant, vs. GUNDERSON and another, Respondents.

*March 18 — April 7, 1897.*

*Contract: Statute of frauds: Parol evidence.*

A contract by partners to hire an employee for five years at stipulated wages to be paid monthly is required by the statute of frauds to be in writing, and it cannot be changed or superseded by a contemporaneous or a subsequent parol agreement so that, instead of a joint liability of the partners, each of them shall be responsible for only one half of such wages; nor is parol evidence of such an agreement admissible in an action upon the written contract.

APPEAL from a judgment of the circuit court for Dodge county: WARHAM PARKS, Circuit Judge. *Reversed.*

The plaintiff is by trade a blacksmith. The defendants were copartners, carrying on a blacksmithing business. The plaintiff hired to them to work at his trade for five years for agreed wages, to be paid at the end of each month. The contract was reduced to writing. At the same time and before the parties had separated, there was an oral agreement that the defendant *Gunderson* should pay one half of the wages each month, and that the plaintiff should look to the defendant *Hanson* for the other half of his wages. The defendant *Hanson* was the son of the plaintiff, and lived in his family. The defendant *Gunderson* did pay, regularly and promptly, one half of the wages. No more wages was paid. The defendant *Hanson* absconded. This action is brought to recover the unpaid one-half of the plaintiff's wages. The defendant was permitted to prove the oral arrangement, and the jury was instructed that, in case they should find that such an agreement was in fact made, a compliance with it by the defendant *Gunderson* on his part would be a complete defense to the action. There was a verdict and judgment for the defendants, from which the plaintiff appeals.

For the appellant there was a brief by *Sawyer & Sawyer,*

and oral argument by *E. W. Sawyer*. To the point that a written contract falling within the statute of frauds cannot be varied by a subsequent oral agreement of the parties, they cited *Goss v. Lord Nugent*, 5 Barn. & Adol. 58; *Marshall v. Lynn*, 6 Mees. & W. 109; *Stowell v. Robinson*, 3 Bing. N. C. 927; *Harvey v. Grabham*, 5 Adol. & El. 61.

*H. K. Butterfield*, for the respondents, contended that the modifying contract in this case was subsequent to the writing and may be proved by parol. *Brown v. Everhard*, 52 Wis. 205. The part which was modified was not within the statute of frauds. Parol evidence is competent to show how the firm was to make payment. *Jones v. Keyes*, 16 Wis. 563; *Irvine v. Adams*, 48 id. 468; *Riley v. Gregg*, 16 id. 666.

NEWMAN, J. The stipulation in the written contract relating to the payment of the plaintiff's wages is, by implication of law, joint in its obligation, and not several. It is not satisfied, as to either partner, by the payment by either of less than the full agreed wages. Each is jointly liable with the other for the entire wages. Parol evidence of a contemporary agreement or understanding that the obligation should be several, and satisfied as to each partner upon payment by him of one half, tends to contradict and vary the terms of the written instrument, and is inadmissible, under the familiar rule on the subject. Contemporaneous oral negotiations and agreements are deemed to be either merged in or superseded by the writing. So, unless the oral stipulation relied on by the defendant *Gunderson* can be supported as a valid subsequent agreement modifying the written agreement, it must be held that the admission of oral evidence to prove it was error. It looks more like a method adopted for the convenience of the defendants of carrying out the contract on their part than a deliberate purpose to change the contract itself. The plaintiff had but imperfect understanding of the English language. After

the contract had been signed, he asked, "Who is going to pay me my wages?" After a moment's consultation with his partner, *Gunderson* said, "Each one of us will pay you one half,— to be paid monthly." The plaintiff said, "All right." That is, in substance, all there was of it. If this shall be deemed to have been intended as a change of the written agreement, it must be inquired whether it could work a change in or supersede the writing. The contract was, by its terms, not to be performed within a year; so was required, by the statute of frauds, to be in writing. While the rule is quite general that written agreements may be changed or superseded by subsequent parol agreement, contracts required to be in writing by the statute of frauds are a well-established exception. Reed, Stat. Frauds, § 454; 17 Am. & Eng. Ency. of Law, 448. This change would affect the contract in an essential particular, in which, by its terms, it was not to be performed within a year. An oral agreement covering that particular is void by the express terms of the statute. Parol evidence to establish it is inadmissible. The charge was fundamentally wrong on this question.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.