SAVELAND, Respondent, vs. WESTERN WISCONSIN RAILROAD COMPANY, Appellant.

*May 12—May 29, 1903.*

*Contracts: Sales: Appeal: Material error: Instructions to jury: Corporations: Contracts of officers: Apparent authority: Statute of frauds: Parol evidence: Measure of damages.*

1. In an action against a corporation on a contract for the purchase of brick, executed by its treasurer, there was no evidence that the treasurer was vested with authority to make contracts like the one in question. There was conflicting evidence on the question of his apparent authority. *Held,* that it was material error to refuse to instruct the jury as to how such apparent authority could be given the treasurer in the situation disclosed by the evidence.

2. A written order was signed by a buyer, calling for 400,000 kiln-run brick. The order provided, in case the sample brick proved unsatisfactory, that hard-burned sewer brick should be furnished by the seller at fifty cents extra per thousand. *Held,* that under sec. 2308, Stats. 1898 (providing that all contracts for the sale of chattels, for the price of fifty dollars or more, shall be void unless in writing, etc.), parol testimony that the order was modified, so as to provide that hard-burned sewer brick should be furnished, was inadmissible.

3. In such case, it appeared that the basis of damages was an executory contract of sale of brick, a commodity of purchase and sale in open market. *Held,* that it was error to instruct the jury, that when it appears that the purchaser knew that the vendor had an existing contract for the purchase of merchandise, and that the vendor is making a resale to him at an advanced price, the profits on such resale are the damages contemplated by the parties in case of the breach of the contract of purchase.

4. In such case, the measure of damages is the difference between the market value of the property at the time of the breach and the contract price at the place of delivery.

APPEAL from a judgment of the superior court of Milwaukee county: ORREN T. WILLIAMS, Judge. *Reversed.*

This is an appeal from a judgment in favor of plaintiff. The action was brought to recover damages for breach of agreement, by the terms of which it is alleged plaintiff sold

and agreed to deliver to defendant *400,000 hard-burned sewer brick at $10.25 per M.,* to be delivered at La Farge, Wisconsin; delivery to commence within sixty days after date of agreement, and continue as brick were needed by defendant. Plaintiff alleges his readiness and offer to perform by delivery of the brick as agreed, but that defendant refused to receive and pay for the same, to his damage, which he seeks to recover. It appeared upon the trial that C. W. Norris, as treasurer of the defendant company, placed with the plaintiff the following order:

"Gentlemen: Please place our order for *400,000 kiln-run brick like sample at $9.75* (nine dollars and seventy-five cents) per thousand, delivered in La Farge, Wis. Delivery to commence within sixty days and continue as brick are wanted. If kiln-run prove unsatisfactory after car-load sample you are to furnish hard-burned sewer brick at fifty cents extra per M. I reserve right until Thursday the 14th inst. to rescind this order.

"Respectfully,
"C. W. NORRIS, Treasurer."

On December 14th this plaintiff and said Norris and H. A. J. Upham, the president of defendant company, met at defendant's office, and orally agreed to change the order to hard-burned sewer brick of the kind and quality represented in sample exhibited by plaintiff to said Norris. Some further negotiations were had at this time between plaintiff and defendant's officers regarding plaintiff's ability to furnish the brick last agreed upon, which resulted in an arrangement that plaintiff should procure from the dealer who was to supply him with the brick a written contract between such dealer and the defendant company, whereby the dealer was to become obligated to the defendant to furnish the quantity and kind of brick specified. The parties disagree as to the purpose and intent of the agreement with the dealer. Plaintiff asserts that it was merely to serve as an assurance that he could deliver the brick to defendant under the agreement as

made on the 14th of December, while defendant claims this arrangement canceled and revoked all previous arrangements, including the order of December 11th, and the agreement of December 14th, whereby this order was changed *from* kiln-run brick at $9.75 *to* hard-burned sewer brick at $10.25 per M. It further appeared that plaintiff received from defendant a memorandum agreement, dated as of December 18, 1899, embodying a contract between the May, Purrington & Bonner Brick Company of Chicago and defendant for a sale of *400,000 hard-burned sewer brick at $10.25 per M.,* to be delivered at La Farge, Wisconsin; that this contract was executed by defendant company, by H. A. J. Upham as president, and that plaintiff sought to procure the May, Purrington & Bonner Brick Company to enter into this agreement, but they refused to become a party thereto. Without further negotiations with defendant, plaintiff substituted Hayt & Alsip as parties to this proposed agreement, who subscribed it. Plaintiff thereafter offered the agreement as signed by Hayt & Alsip to defendant, who refused to receive it, and thereupon declared the whole transaction revoked and annulled. The issues were submitted to a jury upon a special verdict. Its findings upon the material issues involved on this appeal were that defendant sanctioned the making and delivery of the order of December 11, 1899, by C. W. Norris, as its treasurer; that plaintiff accepted the order of December 11th; that plaintiff and defendant agreed on or before December 14th that *hard-burned sewer brick should be furnished under the order of December 11th instead of kiln-run brick, as contemplated in said order;* that the order of December 11th was not revoked by the company on or before December 14th; that plaintiff and defendant did not agree on the memorandum dated December 18th, between defendant and the May, Purrington & Bonner Brick Company; that defendant did not authorize a change in the memorandum agreement of December 18th; that defendant approved the change of par-

ties made by plaintiff to this agreement of December 18th by
inserting Hayt & Alsip as parties thereto; and that the memo-
randum agreement of December 18th was not agreed to be
substituted for any other agreement as to the sale of the brick.

For the appellant there was a brief by *E. L. Richardson*
and *F. A. Geiger,* and oral argument by *Mr. Geiger.*

The cause was submitted for the respondent on the brief of
*Doerfler, McElroy & Eschweiler.*

SIEBECKER, J.   The court submitted to the jury the ques-
tion of the authority of C. W. Norris, as treasurer of the com-
pany, to make the contract in question, without instructing
them in the law as to how such authority could be given him
in cases of this kind.   Defendant's counsel requested the court
to instruct the jury that the treasurer of a corporation, unless
given power by the articles of incorporation, by-laws, or other
express direction of the corporation, has no authority to act as
purchasing or contracting agent, and, further, to instruct
them as to what constitutes apparent authority for the treas-
urer to act as such agent.   There is no evidence in the case
showing that Norris, as treasurer, was vested with authority
to make contracts like the one in question, by defendant's ar-
ticles of incorporation, by-laws, or other express direction.
The question whether he had apparent authority to make
contracts of this nature was to be determined by the jury
upon the conflicting evidence material to this branch of the
case.   No instruction was given them on this subject, though
defendant's counsel submitted and requested an instruction
embodying the rule applicable to the facts and circumstances
of the case.   The rules of law in the light of which the jury
were called upon to resolve this disputed question of fact
should have been given them, to remove the uncertainties and
speculations we now encounter in trying to ascertain what
rules of law the jurors acted on in deciding this disputed
question.   The omission to so instruct the jury may have

caused them to apply some rule not recognized in the law, or adopt some theory wholly foreign to the issue involved. We are of opinion that such refusal to instruct upon this subject was prejudicial to defendant's rights, and constitutes reversible error in the case.

The record raises the inquiry as to the right of the plaintiff to maintain this action, in view of the uncontradicted fact that the contract sued on is not the written order of December 11th. The jury found that plaintiff and defendant on or before December 11th agreed that *hard-burned sewer brick, at $10.25 per M.*, should be furnished *under the order of December 11th,* instead of *kiln-run brick at $9.75 per M.*, as contemplated in said order. The court received plaintiff's parol testimony of negotiations concerning this change in the order of December 11th to sustain his cause of action for the sale of *hard-burned sewer brick at $10.25 per M.* Is the contract upon which plaintiff relies as a sale of the brick valid in the law, under sec. 2308, Stats. 1898, requiring such a contract of sale to be in writing? Does this order show upon its face, and without resorting to extraneous evidence, that defendant purchased a quantity of hard-burned sewer brick at $10.25 per M.? Certainly no such inference could properly be drawn by the court. But no claim is made that such a conclusion could be reached in the absence of oral testimony in connection with the order. Plaintiff did not rely upon the order alone, but offered parol evidence tending to show that the sale was consummated at an interview on or before December 14th, the day when the right to rescind the order by defendant expired. But the paper is wholly silent as to any agreement by the parties that the sale was of hard-burned sewer brick at $10.25 per M., instead of kiln-run brick at $9.75 per M., as specified on the face of the order. To establish plaintiff's cause of action required the introduction of parol proof to show the actual bargain and sale, in addition to the written memorandum. These facts present a case

where parol testimony was, of necessity, resorted to, to show a modification of the written agreement, which is contrary to the statute to prevent frauds. The rule is well stated by Chancellor Kent (2 Comm. 511): "Unless the essential terms of the sale can be ascertained from the writing itself, or by a reference contained in it to something else, the writing is not a compliance with the statute; and, if the agreement be thus defective, it cannot be supplied by parol proof, for that would at once introduce all the mischiefs which the statute of frauds and perjuries was intended to prevent." *Atlee v. Bartholomew,* 69 Wis. 51, 33 N. W. 110; *Wiener v. Whipple,* 53 Wis. 298, 10 N. W. 433; *Meincke v. Falk,* 55 Wis. 427, 13 N. W. 545; *Hanson v. Gunderson,* 95 Wis. 613, 70 N. W. 827; *Blood v. Goodrich,* 9 Wend. 68; *Grafton v. Cummings,* 99 U. S. 100; *Salmon Falls Mfg. Co. v. Goddard,* 14 How. 446; *American Oak L. Co. v. Porter,* 94 Iowa, 117, 62 N. W. 658; Beach, Mod. Cont. § 581; Benjamin, Sales, § 221.

An important ground of error assigned pertains to the rule of damages in the case. The court instructed the jury as follows:

"When it appears that the purchaser knew that the vendor had an existing contract for the purchase of merchandise, and the vendor is making a resale to him at an advance price, the profits on such resale are the damages contemplated by the parties in case of the breach of the contract of purchase."

The basis of damages in the action is the breach of the executory contract of sale. It sufficiently appears by the evidence that brick—the article of sale covered in plaintiff's cause of action—is a commodity of purchase and sale in the open market. The case comes within the established rule of damages where a vendee breaches the contract by refusal to accept the article sold. The measure of damages in such cases is the difference between the market value of the property at the time of the breach and the contract price at the

place of delivery. *T. B. Scott L. Co. v. Hafner-Lothman Mfg. Co.* 91 Wis. 667, 65 N. W. 513; *Pratt v. S. Freeman & Sons Mfg. Co.* 115 Wis. 648, 92 N. W. 368; *Gehl v. Milwaukee P. Co.* 116 Wis. 263, 93 N. W. 26.

For these reasons, the judgment must be reversed.

*By the Court.*—Judgment reversed, and cause remanded for a new trial.