Schaap v. Wolf, 173. Wis. 351.

———

Schaap, Respondent, vs. Wolf and another, Appellants.

*January 13—February 8, 1921.*

*Statute of frauds: Sale of standing timber: Modification of written contract by oral agreement.*

1. A contract for the sale of standing timber relates to an interest in land and comes within the statute of frauds (sec. 2302, Stats.).

2. Where a contract for the sale of standing timber required its removal by the buyer before a specified date unless the vendor continued to own the farm during the following winter, in which case the purchaser could remove the timber at such time, a parol modification of the contract, providing for removal of the timber during the following winter regardless

of whether the vendor continued as owner, is void under sec. 2302, Stats., since a contract within the statute of frauds cannot be validly changed as to a material condition by an oral agreement.

APPEAL from a judgment of the circuit court for Sheboygan county: MICHAEL KIRWAN, Circuit Judge. *Reversed.*

Action to recover damages for refusal to permit plaintiff to enter certain lands and cut the standing timber thereon. December 18, 1916, the defendant *Wolf* owned the land and entered into a written unrecorded contract with the plaintiff permitting him to enter and cut all the standing timber thereon, all the timber to be removed before May 1, 1917. It further provided: "If *Mr. Wolf* still owns the farm next winter *Mr. Schaap* may have the privilege of removing timber at that time." On May 29, 1917, *Wolf* conveyed the land to the defendant Heise, and on August 29, 1917, he conveyed it to the defendant *Lindow.*

The jury found (1) that on April 2, 1917, *Wolf,* without consideration, orally agreed to allow plaintiff to cut and remove during the winter of 1917–1918 the balance of the timber then uncut; (2) that before *Wolf* conveyed to Heise he informed him of the written agreement but not of the oral one; (3) that they did not mutually agree that Heise should permit plaintiff to cut and remove the timber in the winter of 1917–1918; (4) that at the time of said conveyance it was not orally agreed between Heise and *Wolf* that it was made subject to the condition that plaintiff should have the right to cut and remove the timber in the winter of 1917–1918; (5) that *Lindow,* at and before the time he bought from Heise, had notice that *Wolf* had sold plaintiff all the timber; had notice of the written agreement and also of the oral agreement of April 2, 1917; (6) that plaintiff ceased cutting in the spring of 1917, relying upon the extension of time granted in the oral agreement; and (7) damages $225. The court dismissed the action as to the defendant Heise and entered judgment against the de-

fendants *Wolf* and *Lindow* for the damages found, with interest and costs, from which judgment they appealed.

*M. C. Mead* of Plymouth, for the appellant *Wolf*.

For the appellant *Lindow* there was a brief by *Geo. L. Mooney* of Plymouth and *Bowler & Bowler* of Sheboygan, and oral argument by *Mr. Mooney*.

For the respondent the cause was submitted on the brief of *H. J. Rooney* of Plymouth.

VINJE, J.   The defendant *Wolf* contends that since the oral agreement of April 2, 1917, relates to an interest in land—standing timber,—it is void under the statute of frauds.   Sec. 2302, Stats.   The defendant *Lindow* makes the same defense, and further claims that since his grantor, Heise, was a *bona fide* purchaser for value and without notice of the oral extension of time for the removal of the timber, he took as good a title as Heise had and is therefore not liable, citing 2 Tiffany, Real Prop. 1095; *Simon v. Kaliske,* 1 Sweeny (N. Y.) 304; and *East v. Pugh,* 71 Iowa, 162, 32 N. W. 309.   If the first of these respective claims is sustained it disposes of the case in favor of the appellants and alleged errors in procedure need not be discussed.

That a contract for the sale of standing timber relates to an interest in land and comes within the statute of frauds is well settled in this state (*Daniels v. Bailey,* 43 Wis. 566; *Seymour v. Cushway,* 100 Wis. 580, 590, 76 N. W. 769, and cases cited; *Huntington v. Burdeau,* 149 Wis. 263, 268, 135 N. W. 845, and cases cited), and is not contested by plaintiff. But he contends that though the contract is within the statute of frauds the oral agreement of April 2d was but an extension of time of performance, and under the rule in *Hirsch R. M. Co. v. Milwaukee & F. R. V. R. Co.* 165 Wis. 220, 161 N. W. 741, the defendants are estopped from setting up the statute as a defense.   In that case the oral agreement related solely to the time of performance, without in any other respect modifying the written contract of sale of

goods.    In the case at bar the written contract is modified by the oral agreement by striking out the clause therein stating, "If *Mr. Wolf* still owns the farm next winter *Mr. Schaap* may have the privilege of removing the timber at that time."    It is conceded that *Mr. Wolf* did not own the farm next winter, but it is claimed that nevertheless plaintiff had a right to remove the timber.    This can mean only one thing, namely, that the above quoted provision of the written contract was by the oral agreement eliminated and an absolute agreement made that, no matter who the owner was, plaintiff should have the right to remove the timber in the winter of 1917–1918.    If this is not so, then the oral agreement added nothing to the written contract, for under that he had a right to remove the timber the next winter if *Wolf* owned the farm—no additional agreement was necessary to give him that right.    In other words, it is claimed that a contract within the statute of frauds can by an oral agreement be validly changed as to a material condition therein.    This is not the law.    *Hanson v. Gunderson,* 95 Wis. 613, 70 N. W. 827; *Saveland v. Western Wis. R. Co.* 118 Wis. 267, 272, 95 N. W. 130, and cases cited.    If that could be done it would practically nullify the statute of frauds, for if you had any contract in writing you could make an entirely different one by parol, using the written one as a basis of the change.    The result would be that oral contracts preceded by a written one would be valid though quite different therefrom, while wholly oral contracts would be void.    To hold that an original party to a written contract is held estopped to insist upon the time of performance thereof when he himself has caused the delay, as in the *Hirsch Case,* above cited, affects no condition of the written contract except the time of performance.    Here one of the parties sought to be estopped was not a party to the original contract, but we do not rest the decision upon that ground and express no opinion as to how that might affect the question of estoppel in a proper case.

It follows as a matter of course that if the oral agreement is not binding upon *Wolf*, who made it, it cannot be binding upon *Lindow* even if he had notice of it. It will therefore not be necessary to pass upon the question of his taking good title through Heise, his grantor.

*By the Court.*—Judgment reversed as to appellants; and cause remanded with directions to dismiss the complaint as to them upon the merits.