GETHER, Appellant, vs. R. CONNOR COMPANY, Respondent.

*April 5—May 8, 1928.*

26

For the appellant there were briefs by *Alfred W. Gerhard* of Wausau, attorney, and *Marvin W. Wallach* and *Gerrit Thorne,* both of Chicago, of counsel, and oral argument by *Mr. Gerhard* and *Mr. Wallach.*

For the respondent the cause was submitted on the brief of *Goggins, Brazeau & Graves* of Wisconsin Rapids.

STEVENS, J.   The appeal presents the question whether evidence of the parol agreement found by the jury was properly received, and, if so, whether such agreement constituted a defense to this action.

■ The fact that this subsequent parol agreement was not pleaded does not render this evidence inadmissible.   The testimony as to the agreement was received without objection on the ground that it was not admissible under the pleadings. The court in its decision upon the motions after verdict said: "If any amendment is necessary to either the complaint or answer to cover the issues in fact tried, such amendment or amendments may be considered made.   Law's delay because of illy drawn or insufficient pleading is practically a thing of the past."

■ The mutual promises of the parties constituted a sufficient consideration to support this parol contract.

■ This parol agreement was not a mere surrender of an existing contract right.   It was the modification in a material particular of an existing and continuing contract which created an interest in land which was therefore required to be in writing.   Sec. 240.06, Stats.   This parol agreement modified the provision of the contract which gave plaintiff the absolute right to a reconveyance of the land, so as to make that right dependent upon the ownership of the land by the defendant company at the time when plaintiff was entitled to such a conveyance.   Respondent's position is based upon the claim "that a contract within the statute of frauds can by an oral agreement be validly changed as to a material

condition therein. This is not the law. *Hanson v. Gunderson,* 95 Wis. 613, 70 N. W. 827; *Saveland v. Western Wis. R. Co.* 118 Wis. 267, 272, 95 N. W. 130, and cases cited. If that could be done it would practically nullify the statute of frauds, for if you had any contract in writing you could make an entirely different one by parol, using the written one as a basis of the change. The result would be that oral contracts preceded by a written one would be valid though quite different therefrom, while wholly oral contracts would be void." *Schaap v. Wolf,* 173 Wis. 351, 354, 181 N. W. 214.

■ The plaintiff's cause of action was not barred by the six-year statute of limitations. The contract was made in September, 1907. The plaintiff had no right of action until the expiration of the ten-year period in September, 1917, because the timber was not cut within the ten-year period. This action was begun in 1922, within six years from the earliest date at which a cause of action could accrue.

■ The plaintiff contends that the damages assessed were inadequate because one of the parcels of land in question contains lake-shore frontage. The court instructed the jury that in fixing the value of this land it should consider the location and character of the lake, as well as the shore line of the lots suitable for lake frontage. When informed by the court that this instruction would be given, appellant's counsel withdrew his request that a separate question be submitted to determine the value of the lake frontage apart from the value of the land which was not adjacent to the lake.

The question of value is peculiarly one of fact for determination by the jury. While the court would have been better satisfied with a larger valuation, it cannot say that the value fixed by the jury is against the clear preponderance of the evidence. The valuation should be fixed as of the year 1919, when the plaintiff demanded a conveyance of the land, which the defendant company refused to make.

The cause is remanded to the trial court with directions to enter judgment assessing the plaintiff's damages at the valuation fixed by the jury for the year 1919, with interest thereon from October 9, 1919. When so modified, the judgment is affirmed.

*By the Court.*—Judgment modified and affirmed.