SCHUFLETOWSKI, Appellant, vs. ALLEN, Respondent.

*October 13—November 16, 1948.*

For the appellant there was a brief by *E. C. Smith*, attorney, and *John E. Smith* of counsel, both of Tomahawk, and oral argument by *John E. Smith*.

*Walter A. Graunke* of Wausau, for the respondent.

FAIRCHILD, J.   The appellant has bound herself by her contract to sell certain lands to one Fred Kottke.   She has also authorized him to sell the standing timber on the land.   She required him, however, to pay to her all of the purchase price over the $200 to be retained by Kottke.   Kottke sold the timber.   There is no dispute between him and the purchaser of the timber.

Appellant's complaint that the purchaser, the respondent here, "unlawfully broke and entered upon said lands and cut down and carried away the trees" is without foundation.   Under the land contract described in the statement of facts Kottke had the right to sell respondent the timber on the land he had purchased.   The terms of the contract not only allowed Kottke to sell the timber but also contemplated that he would do so if a purchaser appeared.

The contract provided: "In the event of the sale of the standing timber on said lands the entire proceeds thereof with the exception of two hundred ($200) dollars to be payable to the party of the first part."

The timber was sold to respondent for $1,000, and $800 of this purchase price was deposited to the credit of appellant.   Appellant accepted and still has that $800.   She does not claim that the purchase price was not a fair price for the timber.

The contract was in writing, fully satisfying the requirements of the statute of frauds, sec. 240.06, Stats. The sale was in accordance with the provisions of that contract.

Appellant urges that the contract between Kottke and respondent for the sale of the timber is not sufficient to satisfy the requirements of sec. 240.06, Stats., since it is not in writing and since it will run for more than one year. There is no need to worry about that contract. Appellant is not the owner of Kottke's rights as to the liabilities of respondent to him. The question so far as she is concerned is, did Kottke live up to his land contract with her. The evidence points unequivocally to the fact that he did.

The case of *Schaap v. Wolf,* 173 Wis. 351, 181 N. W. 214, has no application here. In that case the provision of the written contract was eliminated and replaced by the oral agreement. Here, the sale of the timber was in accordance with the terms of the written contract.

There is no need to discuss elements of estoppel as the land contract clearly controls.

We must agree with the learned trial court when he said that the appellant got exactly what she bargained for.

*By the Court.*—Judgment affirmed.

BROADFOOT, J., took no part.