10

Bousfield and wife, Plaintiffs and Respondents, v. Hardware Dealers Mutual Fire Insurance Company and another, Defendants: Farmers Insurance Exchange, Impleaded Defendant and Appellant.

*April 2—April 28, 1964.*

For the appellant there was a brief by *Bender, Trump, Davidson & Godfrey,* attorneys, and *Kneeland A. Godfrey* and *Thomas W. Godfrey* of counsel, all of Milwaukee, and oral argument by *Thomas W. Godfrey.*

For the respondent Walter P. Bousfield there was a brief and oral argument by *Gerald A. Flanagan* of Milwaukee.

For the respondent Alice C. Bousfield there was a brief by *Ray T. McCann,* attorney, and *Leonard L. Loeb* of counsel, both of Milwaukee, and oral argument by *Mr. McCann.*

DIETERICH, J.   In moving for summary judgment, Farmers claimed that Alice was a named insured under the policy covering the Bousfield automobile and that under the exclusion provisions of the policy, the coverage did not extend to damages sustained by Alice.  The pertinent provisions of the policy are as follows:

*"Definition of 'Named Insured' and 'Insured' under Part I.*
(1)  If the insured named in item 1 of the declarations is an individual, the term 'named insured' includes his spouse if a resident of the same household;
"(2)  The unqualified word 'insured' includes (a) with respect to any automobile as hereinafter defined, the named insured and his relatives, (b) with respect to the described automobile, any other person or organization legally responsible for its use, provided the actual use of the automobile is by the named insured or with his permission, and (c) with respect to any non-owned automobile, any other person or organization not owning or hiring it, but legally responsible for its use by the named insured or his relatives;
"(3)  The term 'the insured' is used severally and not collectively, but the inclusion herein of more than one insured shall not increase the limits of the Exchange's liability.
*"Exclusions under Part I.*
*"This policy does not apply under Part I:* . . .
"11.  to bodily injury to the insured . . ." [1]

---

[1] Under sec. 204.34 (4), Stats., enacted by the legislature on October 24, 1961 (ch. 583, Laws of 1961), policies may not exclude bodily injuries to the named insured.  Prior to the 1961 amendment, however, such exclusions were valid.  See *Perlick v. Country Mut. Casualty Co.* (1957), 274 Wis. 558, 561, 80 N. W. (2d) 921.  In the instant action, the collision occurred prior to the enactment of sec. 204.34 (4) and the validity of the named insured exclusion is not questioned on the instant appeal.

The record, which consists of several exhibits as well as the affidavits of Alice, Walter, and Farmers, reveals the following facts. Alice and Walter were married in California in 1955, and moved to Wisconsin in 1959. Prior to 1959, title to the automobile was in Walter's name alone, and Walter was the sole named insured on the policy issued by Farmers. After they moved to Wisconsin, Walter caused the car to be registered in their joint names. On February 26, 1960, Alice wrote the following letter to Farmers:

"Dear Sirs: We just received the notice of the premium of $52, which we thought was paid as you always, heretofore, have sent a slip that gave the amount due and encircled the amount if one had no accident. We did not get such a slip. He has been with you over thirty years and never had an accident.

"Further, in moving from California to Wisconsin, Walter could not find his car insurance policy and he would like a duplicate even though you have to charge a fee for the same.

"As the car is in my name also—Alice C. Bousfield—may the insurance also include my name?

"I understand that most people do have a $50 deductible clause, but some companies do not. We should like that information too.

"Thank you very much,
"Alice C. Bousfield."

On March 11, 1960, Farmers wrote the following letter to Walter Bousfield:

"We have complied with a recent request to change the name on this policy to Alice C. & Walter Bousfield.

"Since the request did not have your signature, this letter will serve as notification that you are no longer the Insured named on this policy. All future notices, and endorsements, will be sent to the new Named Insured.

"If this change does not meet with your approval, please notify this office as soon as possible."

Walter did not answer the letter, and on March 24, 1960, he applied to Farmers for a change of coverage, naming himself and Alice as named insureds. The accident occurred on or about June 26, 1960.

Walter's affidavit revealed that the car was registered in his and Alice's joint names in 1959, because he thought this was mandatory by virtue of their marriage. Both Alice and Walter stated that they intended the letter of February 26, 1960, to be a request to secure information, and nothing else, and that Alice had not operated the automobile since their marriage in 1955.

The only issue presented by a motion for summary judgment is whether or not there is a substantial issue of fact to be tried. If there is, the motion will be denied. *Hintz v. Darling Freight, Inc.* (1962), 17 Wis. (2d) 376, 117 N. W. (2d) 271. The power of the courts under the summary-judgment statute is drastic, and should be exercised only when it is plain that there is no substantial issue of fact, or of permissible inference from undisputed facts, to be tried. If the inferences to be drawn from credible evidence are doubtful and uncertain, a motion for summary judgment should be denied. *Voysey v. Labisky* (1960), 10 Wis. (2d) 274, 277, 103 N. W. (2d) 9.

Farmers contention is that there was no question of fact before the trial court, since it is beyond dispute that Alice requested that she be named as an insured, and then goes on to argue at length as to the position of Alice's name in the letter, the implications arising from the use of "may," etc. It is true, as Farmers argues, that the language of an instrument must be understood to mean what it clearly expresses, and courts may not depart from the plain meaning where the instrument is free from ambiguity. *Cernohorsky v. Northern Liquid Gas Co.* (1955), 268 Wis. 586, 593, 68 N. W. (2d) 429.

Alice's letter contains four paragraphs—the first one appears to explain the reason for the lack of promptness in paying the premium; the second paragraph requests a duplicate policy; the third paragraph is the one in question stating that "as the car is in my name also—Alice C. Bousfield—may the insurance also include my name?"; and the fourth paragraph states that "most people . . . have a $50 deductible clause, but some companies do not. *We should like that information too.*" (Emphasis supplied.) Farmers, apparently considering Alice's letter as a specific request to change the named insured portion of the policy so as to include Alice in this term, responded to the letter by effecting such a change.

It is patently clear that the import of Alice's letter is, at best, ambiguous as to whether it was a request for information, or a request that a change be made in the policy. This ambiguity raises a substantial issue of fact, which cannot be resolved upon affidavits. *Zimmermann v. Thompson* (1962), 16 Wis. (2d) 74, 75, 114 N. W. (2d) 116. The parties argue at length as to the existence or nonexistence of a duty on the part of the insurer to inform the Bousfields of the effect of the addition of Alice's name to the policy as a named insured. However, these arguments assume the very fact to be decided upon the trial—namely whether or not Alice was, in fact, a named insured and thus excluded from recovery under the "named insured" exclusion.

Since a substantial question of fact exists, it follows that the trial court did not err in denying Farmers' motion for summary judgment, and the order of October 4, 1963, is affirmed.

*By the Court.*—Order affirmed.