BORKIN, Respondent, v. ALEXANDER, Appellant.

*January 7—February 2, 1965.*

434

For the appellant there were briefs by *Whyte, Hirschboeck, Minahan, Harding & Harland,* attorneys, and *Edward D. Cleveland* and *Richard C. Ninneman* of counsel, all of Milwaukee, and oral argument by *Mr. Cleveland* and *Mr. Ninneman.*

For the respondent there was a brief by *Baumblatt & Goodman* of Racine, and oral argument by *Robert P. Goodman.*

BEILFUSS, J.

"The only issue presented by a motion for summary judgment is whether or not there is a substantial issue of fact to be tried. If there is, the motion will be denied. *Hintz v. Darling Freight, Inc.* (1962), 17 Wis. (2d) 376, 117 N. W. (2d) 271. The power of the courts under the summary-judgment statute is drastic, and should be exercised only when it is plain that there is no substantial issue of fact, or if permissible inference from undisputed facts, to be tried. If the inferences to be drawn from credible evidence are doubtful and uncertain, a motion for summary judgment should be denied. *Voysey v. Labisky* (1960), 10 Wis. (2d) 274, 277, 103 N. W. (2d) 9." *Bousfield v. Hardware Dealers Mut. Fire Ins. Co.* (1964), 24 Wis. (2d) 10, 14, 127 N. W. (2d) 765.

"On summary judgment, if the material facts are not in dispute and if the inferences which may reasonably be drawn from the facts are not doubtful and lead to only one conclusion, then only a matter of law is presented which should be decided upon the motion. *Bond v. Harrel* (1961), 13 Wis. (2d) 369, 372, 108 N. W. (2d) 552; *Rabinovitz v. Travelers Ins. Co.* (1960), 11 Wis. (2d) 545, 105 N. W.

(2d) 807; *Voysey v. Labisky* (1960), 10 Wis. (2d) 274, 103 N. W. (2d) 9." *Carothers v. Bauer* (1964), 23 Wis. (2d) 15, 23, 126 N. W. (2d) 758.

The plaintiff-respondent, in the brief filed in his behalf, concedes that the oral agreement reduced to writing but not signed is void under sec. 240.08, Stats.[1] He contends that his cause of action is not based upon Exhibit A of the complaint, the unsigned agreement, but upon the original agreement to enter the lease executed in July, 1962.

No affidavits were filed, nor other proof offered in opposition to defendant's motion for summary judgment. From our examination of the material portions of the record consisting of plaintiff's amended complaint, the defendant's answer and affidavit in support of the motion, we conclude that there is no substantial issue of fact to be tried and that defendant's motion for summary judgment dismissing plaintiff's complaint should be granted.

The amended complaint does not set forth any of the terms or conditions of the written agreement to enter into a lease but instead alleges that the parties orally amended this agreement with respect to the location. The plaintiff does not allege any facts which constitute a breach of the 1962 agreement. On the contrary, his allegation of facts constituting a breach all go to the void oral amendment. Ordinarily the plaintiff's demand for relief is not considered a part of the alleged cause of action but here all relief demanded is based upon the admittedly void oral amendment.

The affirmative allegations of the defendant's answer and his affidavit are to the effect that the premises to be rented

---

[1] *"Contract for lease or sale to be in writing.* Every contract for the leasing for a longer period than one year or for the sale of any lands or any interest in lands shall be void unless the contract or some note or memorandum thereof, expressing the consideration, be in writing and be subscribed by the party by whom the lease or sale is to be made or by his lawfully authorized agent."

as agreed to in July of 1962 were leased to a third person, and that the premises and rental were changed. None of these allegations are in any way denied. This state of the record leaves the plaintiff in a position where he alleges no facts, admitted or controverted, upon which he can base a recovery in his favor. The amount of the rental and the premises to be rented are material terms. The plaintiff does not base his cause of action upon rental of the premises described in the written and signed agreement but on different premises described in the void agreement. The uncontroverted statement of the defendant is that plaintiff could not rent the premises described in the first agreement because they had been rented to a third person.

The amount of rental and premises to be leased are essential terms which cannot be modified without complying with the statute of frauds.

"In other words, it is claimed that a contract within the statute of frauds can by an oral agreement be validly changed as to a material condition therein. This is not the law. . . . [cases cited] If that could be done it would practically nullify the statute of frauds, for if you had any contract in writing you could make an entirely different one by parol, using the written one as a basis of the change. The result would be that oral contracts preceded by a written one would be valid though quite different therefrom, while wholly oral contracts would be void." *Schaap v. Wolf* (1921), 173 Wis. 351, 354, 181 N. W. 214.[2]

We conclude there is no substantial issue of fact to be tried and that upon the uncontroverted facts the defendant is entitled to judgment.

*By the Court.*—Order reversed, with directions to enter judgment dismissing the complaint.

---

[2] See also *Gutknecht v. C. A. Lawton Co.* (1939), 231 Wis. 413, 285 N. W. 411; *Gether v. R. Connor Co.* (1928), 196 Wis. 25, 219 N. W. 373.