## MOORMAN v. HARRIS.
### No. 11918.

Court of Civil Appeals of Texas.
San Antonio.
Jan. 26, 1949.

T. A. Graves, of Cuero, for appellant.

David M. Stiles, of Cuero, for appellee.

NORVELL, Justice.

The Commercial Abstract and Title Company of Cuero, Texas, filed this suit and impleaded Weldon W. Darst, Tom Moorman, the appellant, and W. S. Harris, the appellee. Moorman owned some real and personal property in Cuero and employed Harris, a licensed real estate dealer, to procure a purchaser therefor. No written agreement was entered into, however, at the time of such employment. Through the joint efforts of Moorman and Harris, Darst became interested in the property and entered into a written contract whereby he agreed to purchase the same for a consideration of $19,500.00. He put up $1,000.00 earnest money with the title company which acted as escrow agent. Darst failed to comply with the purchase contract and Moorman elected to forfeit the earnest money in accordance with the provision of the contract which reads as follows, to-wit:

"Upon failure of Buyer to comply with the conditions of this contract, seller may, at his option, enforce specific performance, or may forfeit this earnest money as liquidated damages, in which event the Agent is to receive one-half (½) of said earnest money."

This contract was signed by Darst as buyer, Moorman as seller and Harris as agent.

The title company waived its claim to attorney's fees and the court rendered judgment dividing the earnest money between Moorman and Harris.

Moorman has appealed and contends that Harris can not recover because of the provisions of "The Real Estate Dealers License Act", particularly Article 6573a, § 22, Vernon's Ann.Civ.Stats.

We are of the opinion that the trial court's judgment was correct. The cited article has for its purpose the prevention of frauds by requiring claims for commissions in real estate transactions to be in writing. The purpose of the statute was met by the contract here involved. Harris was designated as agent in the contract which was signed by all the interested parties. There is a conflict of decision as to the legal effect of a contractual clause similar to the one above quoted when the contemplated sale is consummated or an order of specific performance is rendered. Tennant v. Buratti & Montandon, 215 S.W. 2d 201, by the Austin Court of Civil Appeals, and Spires v. Mann, 173 S.W.2d 200, by the Eastland Court of Civil Appeals. These cases relate to implied contractual obligations. In the present case, however, the earnest money was forfeited and under the express provisions of the contract Harris, the agent, was to receive one-half of

the forfeited sum. Further, it is clear that under the plain, unambiguous wording of the contract Moorman is only entitled to one-half of the earnest money forfeited. To allow him to recover all of the earnest money would be to make and enforce a contractual provision which the parties themselves did not agree to.

The judgment is affirmed. ,