## ADKINS v. WATSON AND ANOTHER.

Where the plaintiff desires to take issue on the answer of a garnishee, it is not necesary to file a petition. The Court, under the statute, may direct the issue to be made, and reject from the pleading whatever was irrelevant, or would tend to the formation of an immaterial issue. All that can be required of the plaintiff is, that he shall state the facts on which he relies to establish the liability of the garnishee, with sufficient certainty to enable the latter to prepare for his defence.

A proceeding in garnishment is commenced by suing out the writ, and to that date limitation is to be computed; not to the forming of the issue.

The statute of frauds does not require that the price stipulated to be paid for lands sold, shall be evidenced by writing.

It is not necessary to specially allege that a contract for the sale of land was in writing.

Appeal from Harrison. The appellant caused a writ of garnishment to be served on the appellees, in May, 1851. They answered, denying their indebtedness. The plaintiff in the writ, desiring to controvert their answer, filed the affidavit required by the statute, (Dig. Art. 50,) and tendered an issue by filing his petition, alleging that he had obtained a judgment against one Hunt in July, 1850 ; that on the 13th of June, 1849, the defendants purchased of Hunt a certain tract of land ; and that they promised Hunt to pay to the plaintiff the debt on which his judgment was recovered; that the defendants have not paid the debt to the plaintiff or to Hunt; and that the same is still due and owing from them to the said Hunt. There was a general demurrer, a general denial; a plea or exception that the contract, set out in the petition,

was for the sale of land and was not in writing signed by the defendants, and a plea of the statute of limitations of two years. The Court sustained the exception and dismissed the proceeding.

*Henderson & Jones*, for appellant.

*Mahone*, for appellee.

WHEELER, J. The only objection to the pleading of the plaintiff, which, it is conceived could be relied on with even the appearance of plausibility, is that he alleges that the defendants promised to pay the plaintiff the debt due him from Hunt. But it is insisted, on behalf of the defendants that that promise was void. If it were so, that would be an answer to the objection. But a better answer is given by counsel for the plaintiff, that is, that the plaintiff manifestly did not intend to rely on that promise. The averment was unnecessary, and may be rejected as surplusage ; especially as it was not made the ground of exception. A petition was not necessary. The statute directs that an issue be made up, under the direction of the Court, to try the question of indebtedness ; or the truth of the matters alleged in the answer of the garnishee. The Court, under the statute, might direct the issue to be made, and reject from the pleading whatever was irrelevant, or would tend to the formation of an immaterial issue. (Hart. Dig. Art. 50.) All that can be required of the plaintiff is, that he shall state the facts on which he relies to establish the liability of the garnishee, with sufficient certainty to enable the latter to prepare for his defence. This was done in this case, by stating the transaction in which the alleged indebtedness of the defendant originated. It was not necessary that the pleading, on the part of the plaintiff, should contain the requisites of an original petition ; though, as to the matters necessary to be averred, or intended to be relied on, the same degree of certainty would doubtless be required.

The material fact in issue was, as to the indebtedness of the defendants to Hunt; and that was averred with sufficient certainty.

The filing of the petition was not the institution of the proceeding, or the commencement of the action against the garnishees. The proceeding was commenced by sueing out the writ of garnishment; and at the time of its service on the defendants, two years had not elapsed, from the date of the sale, out of which their indebtedness to Hunt arose; and the debt was not barred, even if it was evidenced only by a verbal promise. But it was not necessary for the plaintiff to allege the evidence of that indebtedness; since it is not supposed to be in his possession. Nor was it necessary for him to aver that it was in writing. (5 Tex. R. 512.) The statute of frauds does not require that the price stipulated to be paid for land sold shall be evidenced by writing. Nor is it to be inferred from the allegations of the petition that it was not in writing. There can be no pretence that the plaintiff was barred of his right to proceed against the garnishees, or that the case stated was within the operation of the statute of frauds.

The judgment is reversed and the cause remanded for further proceedings.

Reversed and remanded.