### KISTLER et al. v. LATHAM et al.
### (No. 394-3730.)

(Commission of Appeals of Texas, Section B. Nov. 28, 1923.)

**1. Appeal and error ⟨key⟩171(1)—Appeal limited to trial theory.**

In absence of request for submission of the issues, plaintiff could not assert on appeal a theory of recovery not tried in the lower court.

**2. Frauds, statute of ⟨key⟩108(1)—Consideration for memorandum satisfying statute need not be stated and may be proved by parol.**

Where the statute is satisfied by a memorandum in writing, the consideration need not be stated therein, but may be proved by parol.

**3. Frauds, statute of ⟨key⟩108(1)—Consideration coming within statute must be evidenced by writing.**

When the consideration for a contract comes within the statute, such consideration must be evidenced by a contract or memorandum in writing.

**4. Frauds, statute of ⟨key⟩131(1)—Written contract to give mortgage on land as consideration for contract to transfer lease not to be modified by parol.**

A contract to give a deed of trust or mortgage on land as consideration for a contract to transfer a lease comes within the statute, and cannot be proved if not in writing, and hence the whole contract cannot be proved, and it necessarily follows, where such consideration is reduced to writing, it cannot be modified by a subsequent parol agreement any more than can the contract to transfer the lease.

**5. Election of remedies ⟨key⟩1—Frauds, statute of ⟨key⟩119(1)—Doctrine not employed to take executory contract out of statute of frauds.**

The doctrine of election applies to remedies for breach of contract, and cannot be employed to take an executory contract out of the operation of the statute of frauds.

**6. Frauds, statute of ⟨key⟩140—Actual acceptance and receipt of something different from contract necessary to take it out of statute.**

For a parol acceptance of something different from a contract to take it out of the statute it must be actually accepted and received as full satisfaction and accord for the promise of the party tendering it.

**7. Frauds, statute of ⟨key⟩129(1)—Expenditure of money on faith of verbal modification of contract held not to remove it from statute.**

Expenditure of money upon the faith of a verbal contract or verbal modification of a written contract is not sufficient to take such contract out of the operation of the statute.

**8. Frauds, statute of ⟨key⟩63(5)—Lien on real estate may be satisfied by parol.**

A lien on real estate may be satisfied or extinguished by parol.

**9. Liens ⟨key⟩16—Extinguishment of debt extinguishes the lien securing it.**

The extinguishment of a debt secured by a lien upon real estate extinguishes the lien, and this may be done not only by payment but by agreement of the parties.

**10. Frauds, statute of ⟨key⟩131(1)—Agreement held not waiver of lien but modification of contract within statute.**

Though the extinguishment of a debt extinguishes a lien on real estate securing it and may be done by lawful agreement, a verbal agreement varying a contract to transfer an oil and gas lease so as to allow an incumbrance caused by indebtedness to the state to stand against the land, which was to be free from incumbrances, was not a waiver of a lien but a modification of a contract, by which the transferees of the lease agreed to execute a lien on real estate, which comes within the statute.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Action by W. H. Latham and another against E. L. Kistler and others. Judgment for defendants was reversed and rendered by the Court of Civil Appeals (235 S. W. 938), and they bring error. Judgment of the Court of Civil Appeals reversed, and judgment of the district court affirmed.

Weeks, Morrow & Francis, of Wichita Falls, and Chas. L. Black, of Austin, for plaintiffs in error.

Bullington, Boone, Humphrey & Hoffman, of Witchita Falls, for defendants in error.

McCLENDON, P. J. This was an action for damages by Latham and others against Kistler and others for alleged breach of a contract for the sale of an oil and gas lease. Defendants recovered in the trial court, and the Court of Civil Appeals reversed that judgment, and rendered judgment for plaintiffs. 235 S. W. 938.

The controlling question in the case is whether a parol modification of the contract

was within the statute of frauds. The contract is copied in full in the opinion of the Court of Civil Appeals, and a very full statement of the case is made. It will therefore only be necessary to give a brief outline of the pertinent facts as applied to the question involved. The contract sued upon was a complete document in every respect, and set forth all of the terms of the agreement between the parties. Under it Kistler agreed to sell, and Latham and others agreed to buy, a certain oil and gas lease owned by the former, covering a 10-acre tract of land. The consideration to be paid by Latham and others was $40,000, $10,000 of which was to be cash, and the balance represented by three notes for $10,000 each. Latham and others also agreed to secure these notes by deed of trust upon the oil and gas lease and in addition upon two sections of land; and it was expressly stipulated that this land "shall be free from any and all incumbrances, and the title good in W. H. Latham and C. W. Delp. This information shall be furnished to parties of the first part before the delivery of the assignment as herein provided." The transfer of the lease was to be made within five days from April 18, 1919. It appears that one of the sections of land was incumbered to the extent of 97½ cents per acre, which amount was due the state for purchase money, and it was impossible for Latham et al. to remove this incumbrance within the time limit provided in the contract. Plaintiffs claimed that, after the execution of the contract, the attention of defendants was called to this provision, and it was explained to them that the incumbrance could not be raised within a reasonable length of time, and it was thereupon agreed that the contract should be varied so as to allow the incumbrance caused by the indebtedness to the state to stand against the land, and that, in pursuance of this agreement, plaintiffs procured two certificates from the abstracter at a cost of $10 each, showing the land otherwise free from incumbrances and good title in plaintiffs. Defendants, however, declined to execute the transfer of the oil and gas lease.

Plaintiffs contend that under their pleading and evidence there was full performance of the modified contract on their part, which was accepted by defendants, and that there was, therefore, a full accord and satisfaction which would take the oral modification of the contract out of the operation of the statute of frauds. We are clear in the view that the evidence will not support this contention. However, the question is otherwise eliminated from the case, for the reason that the only issue submitted to the jury, outside of whether the land was homestead and therefore not subject to a valid deed of trust lien, was whether the verbal modification of the contract as alleged was in fact made, and if so, whether acting under and relying upon it plaintiffs incurred expenses and otherwise complied with the contract. Both of these questions were answered by the jury in the affirmative. Notwithstanding the verdict, the trial court rendered judgment for the defendants. In so doing, the court filed written conclusions of law which are fully set up in the opinion of the Court of Civil Appeals, and are to the effect that evidence supporting the verbal modification of the contract was admitted over objections, and the issues thus raised were submitted to the jury, because the court was in doubt as to the law applicable to the case, and in order that the whole case might be settled upon appeal. The court further say:

"After a more careful examination of the authorities furnished me, and some independent investigation on my own part, I have concluded that the provision of the written contract referred to above was of such nature as could not be verbally waived, and that the verbal agreement was, in effect, a new contract for the sale of an interest in land, or that at least it attempted to vary and modify the terms of the written agreement, and not being in writing, was therefore unenforceable either in an action for specific performance or for damages. But for my view as to the effect of the statute of frauds, I would be compelled to render judgment for the plaintiffs, but, believing as I do that the statute of frauds is applicable, it is my opinion that notwithstanding the verdict that judgment should be rendered for defendants."

[1] It will thus be clearly seen that the case was tried in the trial court upon the theory that the only issue of law in the case was whether the verbal modification of the contract came within the statute of frauds. If plaintiffs sought recovery upon any other theory, it was incumbent upon them to request the submission of issues involving such theory; and, having failed to do so, such theory will be deemed to have been waived, and cannot be asserted for the first time on appeal. Boatner v. Ins. Co. (Tex. Com. App.) 241 S. W. 136, and authorities there cited.

Whether the verbal modification of the contract comes within the statute of frauds is a question which is not free from difficulty. The Court of Civil Appeals held that it does not; basing their holding, in the main, upon the proposition that the modification related to the consideration for the contract; that under the authorities in Texas it is not necessary for the consideration to be stated in a contract coming within the statute; and that therefore the consideration may be subsequently modified by parol.

[2] Where, as in the instant case, the statute of frauds is satisfied by a memorandum in writing, and it is not essential that the contract itself be reduced to writing, the authorities differ upon the question whether the consideration for the contract must also

be embraced in the memorandum. The uniform holding in Texas has followed that line of decisions which hold that the consideration need not be stated in the memorandum but may be proved by parol. One of the latest expressions of the Supreme Court upon this subject is found in Simpson v. Green, 231 S. W. 375 (opinion by Presiding Judge Gallagher of Section A of the Commission of Appeals). The Court of Civil Appeals in the present case has given a very full review of the authorities upon this subject, and, as the question is no longer open in this state, it is unnecessary to consider it further.

It does not necessarily follow, however, that, where the parties have entered into a contract in writing which is within the statute of frauds, and which embodies the entire agreement, this contract can be modified by parol in respect to some term which might originally have rested in parol had the parties not adopted the method of reducing the entire contract to writing; although this was the view expressed in Lewis v. Pendleton (Tex. Civ. App.) 227 S. W. 502. In that case it may be noted that a writ of error was granted by the Supreme Court but was subsequently dismissed for want of jurisdiction. There is much force in the proposition that where parties have reduced their entire agreement to writing, any subsequent modification of it, other than perhaps a mere extension of the time of performance, constitutes a new contract, and, if the subsequent modification rests in parol, then the entire contract rests in parol. In other words, an agreement to change the terms of a contract in some material respect is in effect the making of a new contract, the existence of which opens up for proof the question of the terms of the entire contract. This proposition seems to be sustained by authority, and we would be inclined to so hold if we deemed it essential to a determination of the case.

[3, 4] The question, however, we think, is made unessential by the fact that the consideration of the contract was itself within the statute of frauds. It cannot be questioned but that where the consideration for a contract comes within the statute of fraud, such consideration must be evidenced by a contract or memorandum in writing. The consideration in the present case was to give a deed of trust or mortgage upon two tracts of land. Our Supreme Court has held that such contract comes within the statute of frauds. Castro v. Illies, 13 Tex. 229; Boehl v. Wadgymar, 54 Tex. 593. It is clear that, if the consideration for the transfer of the lease had not been in writing, it could not be proved and therefore the whole contract would be incapable of proof. This being true, it necessarily follows that, the consideration for the lease having been reduced to writing, it could not be modified by subsequent parol agreement any more than could the contract to execute the transfer of the lease be so modified. It is therefore our view that the trial court correctly rendered judgment for the defendants.

[5, 6] It is further urged by plaintiffs that the doctrine of election applies to the facts of the present case, it being contended that, when plaintiffs informed defendants that they were unable to comply with the contract, the latter had the option either to consider the contract as breached and hold plaintiffs to their original undertaking or to waive the breach and insist upon performance by plaintiffs to the extent of their ability to perform, and that, having taken the latter course, they are bound by their election. We are unable to follow this course of reasoning as applied to the present case. The doctrine of election applies to remedies for the breach of a contract, and cannot be employed for the purpose of taking an executory contract out of the operation of the statute of frauds. If such were the case, any contract coming within the statute could be modified by subsequent parol agreement upon the ground that one of the parties had elected not to stand upon the contract but to accept something else in its stead. The authorities seem to be quite uniform that in order for a parol acceptance of something different from the contract to be sufficient to take the contract out of the statute it is essential that it be actually accepted and received as full satisfaction and accord for the promise of the party tendering it. As stated above, this case does not present such a situation.

[7] It is also contended that the verbal modification is taken out of the statute because of the expenditure of $20 by defendants for abstracter's certificates. Expenditures of money upon the faith of a verbal contract or verbal modification of a written contract within the statute of fraud is not sufficient to take the contract out of the operation of the statute. We think this is the practically uniform holding of the courts in this and other states. If it were otherwise, the statute would seldom be of any practical value. Hooks v. Bridgewater, 111 Tex. 122, 229 S. W. 1114, 15 A. L. R. 216; Clegg v. Brannan, 111 Tex. 367, 234 S. W. 1076; Ward v. Etier (Tex. Com. App.) 251 S. W. 1028.

[8-10] The only other contention made by plaintiffs which we think worthy of note is that the transaction embodied in the parol modification merely amounted to a waiver by the plaintiffs of a first lien on the tract of land in favor of the state, and that this could be done by parol since a lien upon real estate may be satisfied or extinguished by parol. The holding that a lien on land may be extinguished by parol rests on the proposition that, the lien being merely security for a debt and following the debt, any agree-

ment with regard to the debt would affect also the lien. This matter is fully discussed in Burnett v. Atterberry, 105 Tex. 119, 145 S. W. 582. Clearly the extinguishment of a debt secured by lien on real estate extinguishes the lien, and this may be done, not only by payment, but by agreement of the parties concerned which otherwise satisfied the law. The verbal modification in the present instance, however, was not the waiver of a lien but was a modification of a contract, by which the plaintiffs agreed to execute a lien upon real estate which comes clearly within the statute of frauds as above shown. This contract could not be modified by parol any more than a contract for the conveyance of real estate could be so modified.

We conclude that the judgment of the Court of Civil Appeals should be reversed, and that of the district court affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.