## O'MARA v. HALL.

### No. 3889.

Court of Civil Appeals of Texas. El Paso.
Nov. 16, 1939.

Newland, Cornett & Whitworth, of Linden, for appellant.

Carney & Carney, of Atlanta, and Bartlett & Pitman, of Linden, for appellee.

HIGGINS, Justice.

This is a suit by the appellant O'Mara against the appellee Hall to enforce specific performance of a contract to convey a mineral interest in lands, and in the alternative to recover damages for the alleged breach of such contract. At the conclusion of the plaintiff's evidence an instructed verdict was returned in favor of the defendant and judgment in accordance therewith rendered.

The written contract between the parties reads as follows:

"Escrow Agreement
"State of Texas
"County of Cass.

"This agreement made by and between W. M. Hall, party of the first part (whether one or more), and John D. O'Mara, party of the second part (whether one or more), witnesseth:

"The attached mineral deeds covering the following described land situated in Cass County, Texas, only in so far as said mineral deeds cover and apply to the following described land: (Here follows brief description of three tracts of land), together with the sum of Twenty Thousand and no/100 ($20,000.00) Dollars, is hereby placed in escrow with J. R. Jones of Cass County, Texas, upon the following conditions, to-wit:

"Party of the second part shall have said title to said mineral deeds passed upon by a competent attorney within ――― days from date hereof. If said title is good and merchantable then said escrow agent shall pay said sum to party of first part, and shall deliver said mineral deeds to party of second part immediately. The opinion of said attorney shall be in writing, and if he shall hold that said title is defective, then all defects shall be clearly indicated and set forth by him in writing. If said title is defective, then party of the first part shall have five days from the date said attorney's opinion is delivered to him within which to cure said defects, and if he should fail to cure said defects then said mineral deeds shall be delivered by said escrow agent to party of the first part and said sum of money shall be delivered and paid over by said escrow agent to party of the second part immediately.

"In witness whereof we have hereunto set our hands at Cass County, Texas, this 25 day of July, 1935.
　　"(Signed)　W. M. Hall,
　　　　"Party of first part.
　　"John D. O'Mara,
　　　　"Party of second part.

"We accept the deposit in escrow as set out in the foregoing and agree to be governed thereby.

"Rufus J. Jones,
"Escrow Agent."

Attached to the contract were the three deeds referred to therein.

This contract was prepared by O'Mara, and there is no allegation of fraud, accident or mistake which would authorize the admission of parol evidence to alter, vary or contradict the terms thereof.

The plaintiff alleged "that contemporaneous with their said escrow agreement that upon the suggestion of defendant that L. L. Harper, of Linden, Texas, an abstracter of land titles in Cass County, Texas, knew that the title of defendant in and to said land was good and merchantable, and that he could get such an approval of said title by a certificate from the said L. L. Harper, it was further agreed, orally, by and between plaintiff and defendant, that if the said Mr. L. L. Harper would certify such title to be good, then that plaintiff would accept such approval by certificate of the said L. L. Harper, which said certificate was to be provided by the said W. M. Hall within five days from the date of said mineral conveyances and escrow agreement."

The contract provides that $20,000 was placed with Mr. Jones, the depository of the escrow agreement, which sum was to be paid to Hall if the title to the land was good and merchantable, it being plaintiff's duty to have the title passed upon by a competent attorney. The evidence shows no money was so deposited, but that plaintiff placed with Jones his draft upon himself for $20,000, which plaintiff testified Jones and defendant agreed to accept.

The testimony also shows plaintiff did not have the title passed upon by an attorney, but according to his evidence it was agreed L. L. Harper, an abstracter, should pass on the title. Harper declined to pass on the title and so advised Hall on July 30, 1935 by letter and suggested plaintiff should obtain an abstract and have the title examined by his attorney.

In Robertson v. Melton, 131 Tex. 325, 115 S.W.2d 624, 626, 118 A.L.R. 1505, Judge Smedley said:

"It is our opinion that such oral modification of the contract is prohibited by the statute of frauds, article 3995, Revised Civil Statutes of 1925. The rule is that parties to a written contract coming within the provisions of the statute of frauds may not by mere oral agreement alter one or more of the terms thereof and thus make a new contract resting partly in writing and partly in parol, the reason for the rule being that, when such alteration is made, part of the contract has to be proven by parol evidence, and the contract is thus exposed to all the evils which the statute was intended to remedy. 27 C.J. pp. 327, 328, § 416; 25 R.C.L. p. 708, § 352; Kistler v. Latham, Tex.Com.App., 255 S.W. 983, 985; Adams v. Hughes, Tex.Civ.App., 140 S.W. 1163, application for writ of error refused; Ickert v. Minor, Tex.Civ. App., 22 S.W.2d 741; Fleming v. Todd, Tex.Civ.App., 42 S.W.2d 123. * * *

"The requirement for rearrangement of the notes clearly contemplated, to make it regular and fully effective, the execution of a written instrument extending the notes and lien in compliance with articles 5520 to 5523 of the Revised Civil Statutes of 1925. Such consideration cannot be modified by subsequent parol agreement. Kistler v. Latham, Tex.Com.App., 255 S.W. 983, 985; Schofield v. Pyron, Tex.Civ.App., 257 S.W. 350, application for writ of error refused; Epstein v. D. & A. Oppenheimer, Tex.Civ.App., 94 S.W.2d 779; Home Investment Co. v. Fidelity Petroleum Co., Tex.Civ.App., 249 S.W. 1109, application for writ of error refused."

The evidence of plaintiff to the effect that it was agreed the draft could be deposited with the depository agent Jones instead of cash, and that it was also agreed the abstracter Harper should pass upon the title instead of an attorney, violates the parol evidence rule. Furthermore, under the ruling of Judge Smedley, above quoted, it is not permissible to thus alter by parol agreement the terms of a written contract to convey land and enforce performance thereof because such altered contract rests partly in parol and enforcement thereof forbidden by the statute of frauds. Art. 3995, R.S.

Plaintiff having failed to comply with two of the obligations imposed upon him by the written contract, he could not successfully maintain this suit. The verdict against him was properly instructed.

Affirmed.