Frank S. BUHLER, Appellant,

v.

McCord McINTIRE, Jr., Appellee.

No. 11045.

Court of Civil Appeals of Texas.

Austin.

Feb. 13, 1963.

Rehearing Denied March 6, 1963.

Fly & Moeller, Victoria, for appellant.

Gay & Meyers, Austin, for appellee.

HUGHES, Justice.

This is a suit for damages for breach of a contract for the sale and purchase of land in Travis County. The plaintiff below, appellant here, was Frank S. Buhler. The defendant and appellee is McCord McIntire, Jr. Both parties moved for summary judgment. Appellee's motion was granted. Appellant's motion was denied.

The contract of sale, dated January 15, 1958, was executed by Hampton Construction Company, Inc., as seller, and McCord McIntire, Jr. and Jess P. Hampton, as purchasers. Appellant alleged that such contract was made for his benefit and that it had been assigned to him by the construction company.

We copy the relevant portions of this contract:

"The purchase price is $42,500.00, payable as follows: $ note cash (of which purchaser has deposited with the undersigned agent $———— as part payment, receipt of which is hereby acknowledged by said agent) ;[1]

"Condition of sale: (1) Purchasers agree to fullfill condition for cash payment of said property on or before

---

[1]. The figures $42,500.00 and the word "note" are in type; the remainder of this paragraph is printed.

eleven (11) months from date of this contract.

" * * * Should the purchaser fail to consummate this contract as specified for any reason, except for material title defects, Seller shall have the right to retain said cash deposit as liquidated damages for the breach of this contract, from which the Agent shall be paid 50% of said cash deposit, or Seller may enforce specific performance of this contract."

The pleadings and present state of supporting evidence make an issue of fact as to the right of appellant to enforce the foregoing contract.

The record is undisputed that no money has been paid by the purchasers under the contract. It also appears that the property involved has been sold to third parties, and appellant's suit is for damages only.

Appellee seeks to sustain the judgment in his behalf upon two grounds: (1) That the contract of sale is too vague, indefinite and uncertain to be enforceable (2) that the contract excludes the recovery of monetary damages for its breach.

The contract, in our opinion, clearly provides that the total consideration of $42,-500.00 is to be evidenced by a note payable on or before eleven months from the date of the contract. Appellee, relying primarily upon Bryant v. Clark, 358 S.W.2d 614 (Tex.Sup.Ct.) says: "The terms of that note are left completely to future negotiation.", and that "There is no agreement among the parties as to some of the essential terms of the sale and accordingly the contract is unenforceable."

■ If the contract is lacking in any essential element and since it is a contract required to be in writing, it is unenforceable. Buratti and Montandon v. Tennant, 147 Tex. 536, 218 S.W.2d 842, 9 A.L.R.2d 742; Wilson v. Fisher, 144 Tex. 53, 188 S.W.2d 150.

■ In Garcia v. Karam, 154 Tex. 240, 276 S.W.2d 255, it was held that the Statute of Frauds does not require that consideration for sale of realty be expressed in writing. Here the consideration for the contract is stated and the time of payment is given. It is also provided, as appellee and we construe the contract, that the purcase price is to be evidenced by a note payable on or before eleven months. What terms of the note are left to "future negotiation?" Appellee does not suggest what these terms are. Perhaps he means interest and attorneys fees. While we know that such provisions are usually incorporated in notes, we are not aware of any reason compelling their inclusion.

It is our opinion that the contract of sale is not made uncertain by not being more specific about the terms of the note representing the purchase price.

■ We are of the opinion, however, that the vendor, and appellant who stands in his shoes, is, under the contract, precluded from recovering actual damages, as distinguished from liquidated damages, for breach of the contract.

The contract restricts the remedies for its breach to a retention of the cash deposit as liquidated damages or to specific performance.

■ Vendor (and appellant) has voluntarily deprived himself of the remedy of specific performance by selling the property to third parties, making performance of the contract impossible.

■ There was no cash deposit, and the provision for liquidated damages is inapplicable and unenforceable. The effect of this is to leave the remedy of specific performance the only remedy for breach of the contract by the purchasers.

■ The general rule seems to be that parties having agreed upon the measure of damages for breach of their contract are

accordingly bound. Tucker v. Northcutt, Tex.Civ.App., 248 S.W.2d 750, Waco Civil Appeals; Wade v. Southwestern Bell Tel. Co., Tex.Civ.App., 352 S.W.2d 460, Austin Civil Appeals. In 5 Corbin on Contracts, p. 323, Sec. 1068 it is stated:

"If a contract provision is held to be one for a penalty, it will have no effect upon the damages to be recovered; and occasionally they will exceed the penalty. Nevertheless, the courts see no harm in express agreements limiting the damages to be recovered for breach of contract. Public policy may forbid the enforcement of penalties against a defendant; but it does not forbid the enforcement of a limitation in his favor. Parties sometimes make agreements and expressly provide that they shall not be enforceable at all, by any remedy legal or equitable. They may later regret their assumption of the risks of non-performance in this manner; but the courts let them lie on the bed they made. Where a contract provides that damages for breach shall not be recoverable beyond a specified sum, it is obvious that the risk of loss beyond that sum is being assumed by the promisee. If the law allows him to assume the whole risk, with no remedy whatever, it is obvious that it will allow him to assume a part less than the whole."

We have been cited to no case directly in point on the question before us but we believe the above authorities support our holding in principle. The question is primarily one of contract, secondarily, a matter of public policy.

■ As we construe the contract, we enforce the contract as made by the parties. In the absence of countervailing public policy, this is what courts should do.

■ We are not aware of any public policy which invalidates a provision in a land sale contract restricting the vendor to the remedy of specific performance. It may be an unwise provision, but with this we have no concern.

The judgment of the Trial Court is affirmed.

Affirmed.