Dean L. TOLAND, Appellant,

v.

Jerry AZTON, Appellee.

No. 15824.

Court of Civil Appeals of Texas, San Antonio.

June 29, 1977.

Rehearing Denied July 20, 1977.

P. Otis Hibler, San Antonio, for appellant.

Thomas H. Crofts, Jr., Groce, Locke & Hebdon, San Antonio, for appellee.

BARROW, Chief Justice.

Appellee-purchaser was granted a summary judgment in his suit to recover the sum of $500 deposited as earnest money under the terms of a written contract for the sale by appellant of a residence in San Antonio. The contract was conditioned upon "Purchaser's ability to qualify for, or Realtor's ability to secure for Purchaser, a conventional loan . . . amortizable over a period of not less than (30) years, with interest not to exceed (8%) per annum." The trial court held that an oral modification by the parties to increase the maximum rate of interest to 9¼ percent per annum was prohibited by the statute of frauds as a matter of law.

Appellant urges on this appeal that the oral modification of the earnest money contract which is evidenced by appellee's written loan application is not prohibited by the statute of frauds. In any event, appellee is estopped to deny the oral modification or waive the condition precedent.

The following facts are established:[1] Appellant and appellee entered into a written earnest money contract on May 12, 1975, whereby appellant agreed to sell a described house and lot in the City of San Antonio for the sum of $31,000, payable $3,100 in cash including the earnest money of $500, and the remaining sum of $27,900 to be evidenced by a promissory note. The contract was subject to and conditioned upon

1. Some of the facts are disputed, but for the purpose of this appeal from the granting of a summary judgment, we must accept these facts as true.

appellee's ability to obtain a loan as heretofore described. Neither appellee nor appellant was able to obtain a conventional 30-year loan at 8 percent interest. However, appellant learned that First Federal Savings would make such a loan at 9¼ percent interest. Appellant contacted appellee who orally agreed to this rate and said he wanted to close the deal at the higher rate of interest. Subsequently, appellee advised appellant that such loan had been obtained. Appellant then proceeded to make certain repairs and modifications to the house as required by the earnest money contract. Appellee and his financier participated in this work and appellee had the utilities placed in his name. The modifications were completed and appellee was notified that the legal papers were ready for the deal to be closed on June 30, 1975. On this date appellee advised the title company and appellant that he would not close the deal. Appellant refused to return the earnest money because he had spent more than this sum on the modifications and appellee filed this suit.

Appellee urges that the statute of frauds applies to an oral agreement that changes, alters, or is substituted for an initial written contract. In *Dracopoulas v. Rachal*, 411 S.W.2d 719 (Tex.1967), it was held that parties to a written contract that is within the statute of frauds may not by mere oral agreement alter one or more of the terms thereof and thus make a new contract resting partly in writing and partly in parol. The Supreme Court expressly recognized the rule in *Garcia v. Karam*, 154 Tex. 240, 276 S.W.2d 255 (1955), that the consideration for a real estate contract does not have to be in writing to comply with the statute of frauds and that the method of paying the consideration could be orally changed. However, the *Karam* rule was found not to be controlling in *Dracopoulas* in that the oral agreements relied upon by *Rachal* made material changes in the original written contract which were essential to his right to recovery.[2]

The oral modification relied upon by appellant changed only the amount of interest on the note to be signed by appellee. Although appellant would continue to receive the agreed price of $31,000, appellee would be required to pay a higher price for this sum because of the increased interest rate. Assuming that this modification amounted to a change in the manner of payment of the consideration for the contract, such a change could be orally agreed upon in that the statute of frauds does not require that the consideration for the sale of realty be expressed in writing. *Botello v. Misener-Collins Co.*, 469 S.W.2d 793 (Tex. 1971); *Garcia v. Karam, supra; Gulf Production Co. v. Continental Oil Co.*, 139 Tex. 183, 164 S.W.2d 488 (1942).

Furthermore, the oral change in the interest rate was subsequently ratified in writing by appellee. On May 29, 1975, appellee made written application with First Federal Savings for a 30-year conventional loan with interest at the rate of 9¼ percent for purchase of this property. This application was not signed by appellant and he was not a party to same. In *Adams v. Abbott*, 151 Tex. 601, 254 S.W.2d 78, 80 (1975), the following rule was set forth which is applicable to our case:

> A memorandum is required by the statute of frauds, not for the purpose of obtaining a contract in writing, but merely to furnish written evidence, signed by the party to be charged, of the obligation to be enforced against him. Therefore, a valid memorandum of the contract may consist of letters and telegrams signed by the party to be charged and addressed to his agent or the other party to the contract, or even to a third person not connected with the transaction.

Thus, the loan application is a part of the written memoranda evidencing the agreement between appellant and appellee. See also: *Taggart v. Crews*, 521 S.W.2d 703 (Tex.Civ.App.—San Antonio 1975, no writ).

Appellee, by signing the loan application which provided for interest at the rate of

---

2. The expiration date of the written listing agreement was indefinitely extended and the exclusive listing provision was changed to nonexclusive by the oral agreement.

9¼ percent per annum, ratified his oral agreement to this change in the consideration.

■ In any event, this record raises a fact issue on the question of estoppel. Because of the oral modification of the rate of interest and lendor's approval of the appellee for such a loan, appellant carried out his obligations under the contract to make modifications and changes to the residence. Appellee knowingly acquiesced and even participated in this work and the resulting expense incurred by appellant. The Supreme Court in *"Moore" Burger, Inc. v. Phillips Petroleum Co.,* 492 S.W.2d 934 (Tex.1972), recognized the application of the doctrine of promissory estoppel so as to enforce contracts otherwise barred by the statute of frauds. If appellant's evidence be accepted as true, enforcement of the statute of frauds should itself amount to a fraud on appellant's rights.

The trial court erred in granting appellee's motion for summary judgment and granting him judgment for the sum of $500. The judgment of the trial court is reversed and the cause remanded for trial on the merits.