**Frank SMITH and Frank Reaves, Appellants,**

v.

**Clinton BIDWELL, et al., Appellees.**

**No. 1717.**

Court of Civil Appeals of Texas, Corpus Christi.

July 9, 1981.

Rehearing Denied Aug. 6, 1981.

William E. Nicholas, Nicholas & Kubicek, William G. Burnett, Sinton, for appellants.

Max J. Luther, Barnhart & Luther, Corpus Christi, Mac Ed Swindle, Fort Worth, for appellees.

## OPINION

BISSETT, Justice.

This suit involves an action to recover penalties for brokering real estate in Portland, Texas, without a Texas real estate license.

Frank Smith and Frank Reaves, defendants below, appeal from a judgment rendered in favor of Clinton C. Bidwell, M. D. Neill, Stewart Purdy and Louise Purdy, plaintiffs below, and Greg Miller, intervenor below. Bidwell and Neill were the sellers of the involved real property. Stewart and Louise Purdy (the Purdys) were the purchasers. Smith and Reaves were the real estate brokers who got the buyers and sellers together. Greg Miller was a holder in due course of a note executed by the Purdys to Smith and Reaves in payment of the real estate commission.

After a trial to the court, judgment was rendered that Bidwell and Neill recover $30,000.00 against Smith and Reaves, jointly and severally; that the Purdys recover $72,000.00 against Smith and Reaves, jointly and severally; and that Miller receive the monthly payments under the $36,000.00 note. Smith and Reaves appealed the judgment only as to Bidwell, Neill, and the Purdys. Miller did not appeal. Only the Purdys filed an appellees' brief in this Court.

Smith and Reaves, in their first point of error, complain that there is no evidence "to support the trial court finding that [the Purdys] paid $36,000.00 of real estate commissions to [Smith and Reaves] by executing their promissory note . . ." In deciding no-evidence points, we must consider only the evidence and the inferences tending to support the findings and disregard all evidence and inferences to the contrary. *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965).

In January or February of 1977, Neill, a resident of Arizona, telephoned Smith in Missouri and requested that Smith list the Ramada Inn Motel in Portland, Texas, for sale. Neill and Bidwell were equal owners of the motel. Smith asked for and received permission to advertise the motel for sale in the Motel-Motor Inn Journal. Smith represented to Neill that he and Reaves were licensed to sell real estate in the state of Texas.

Smith is in the business of brokering real estate under the name of Southeast Investment Company. Neither Smith, nor his co-broker, Reaves, nor any member of Southeast Investment Company were licensed to sell real estate in Texas.

As a result of reading an advertisement in the Motel-Motor Inn Journal, Stewart Purdy, a resident of California, talked by telephone with Smith. Purdy said he was interested in purchasing a motel in Texas. It was agreed that Purdy would sell his motel in California and would contact Smith about properties in Texas.

After selling their motel, the Purdys came to Texas and met Smith. He suggested the Purdys go to Portland and look at the Ramada Inn. The day after the Purdys arrived in Portland, Reaves introduced them to Bidwell.

On May 31, 1977, a contract of sale for the Ramada Inn was entered into between the Purdys, as purchasers, and Bidwell and Neill, as sellers. It provided for a $50,000.00 cash deposit on a purchase price of $850,000.00. Also in the agreement was the provision: "Seller agrees to pay the undersigned Real Estate Agent a commission of . . . ." The contract was prepared by Reaves.

The next day, the prospective purchasers, the sellers and Smith met in an attorney's office in Corpus Christi to close the deal. At that time, the parties decided that the

method of payment by the Purdys would be changed. The Purdys were to give $50,000.00 in cashier's checks to Bidwell, out of which $15,000.00 of the real estate commission was to be paid to Smith and Reaves. For the remainder of the commission, the Purdys executed a promissory note for $36,000.00. For the balance of the purchase price, the Purdys executed a 30-year note for $764,000.00.

A few months later, the $36,000.00 note was negotiated to Dreiske and Bailey, who purchased it for a valuable consideration, in good faith, and without notice of any defenses or that the note was voidable. Subsequently, the note was negotiated to Greg Miller.

Bidwell and Neill, in their petition, alleged that they had paid a real estate commission to Smith and Reaves, who were not licensed real estate brokers in the state of Texas. This failure to obtain a license while collecting a commission allegedly violated Tex.Rev.Civ.Stat.Ann. art. 6573a (Supp.1978). Bidwell and Neill prayed for a recovery of damages up to three times the real estate commission paid.

The Purdys subsequently joined this lawsuit, and alleged that they, as purchasers of the real estate, had paid a portion of the real estate commission and thus were entitled to recover penalties under Article 6573a. Then, on October 9, 1979, Greg Miller intervened as the holder of the $36,000.00 note that had been executed by the Purdys in partial payment of the real estate commission.

■ The contract of sale clearly shows that the sellers are to pay the real estate commission to Smith and Reaves. All the parties to the transaction agreed at the closing to a new arrangement, whereby the Purdys would pay $36,000.00 of the commission with a promissory note. Smith and Reaves assert that testimony in the record as to this subsequent agreement was barred by the parol evidence rule since there was a written contract which provided otherwise. We disagree. The parol evidence rule is not applicable to agreements made *subsequent* to the written agreement. *Lakeway Co. v.*

*Leon Howard, Inc.*, 585 S.W.2d 660 (Tex. 1979); *Garcia v. Karam*, 154 Tex. 240, 276 S.W.2d 255 (Tex.1955). Furthermore, extrinsic evidence may be offered to show a new agreement or that an existing written agreement has been "changed, waived or abrogated in whole or in part." *Mortgage Company of America v. McCord*, 466 S.W.2d 868, 871 (Tex.Civ.App.—Houston [14th Dist.] 1971, writ ref'd n. r. e.); *Garcia v. Karam*, supra.

■ The evidence of the change in the agreement subsequent to May 31, 1977, the day the contract of sale was signed, was competent evidence and sufficient evidence to support the judgment. The first point of error is overruled.

Smith and Reaves, in points of error two and three, complain of a conclusion of law filed by the trial judge that the Purdys were legally subrogated to Bidwell and Neill for the $36,000.00 paid by a promissory note.

■ We need not decide whether the subrogation conclusion was correct. If the trial court renders an otherwise correct judgment, it will not be set aside because the court may have made an incorrect conclusion of law. *Gulf Land Co. v. Atlantic Refining Co.*, 134 Tex. 59, 131 S.W.2d 73, 84 (1939); *City of Corpus Christi v. Davis*, 575 S.W.2d 46, 55 (Tex.Civ.App.—Corpus Christi 1978, no writ). The trial court found that the Purdys paid $36,000.00 of the commission by their promissory note. The judgment of the trial court in that respect was correct. Points of error two and three are overruled.

The rule of *Gulf Land Co. v. Atlantic Refining Co.*, supra, also disposes of the fourth and fifth points of error, wherein Smith and Reaves complain of the conclusion of law by the trial court that Bidwell and Neill were entitled to a "recovery of commissions paid." It is alleged that the statute only allows for a "penalty" and not a "recovery of commissions paid." Again, as long as the judgment of the trial court was correct, we are not bound by the conclusions of law entered by the trial court.

The judgment was correct. Points of error four and five are overruled.

■ The remaining points of error involve a construction of Tex.Rev.Civ.Stat. Ann. art. 6573a, Sec. 19(b), as it existed at the time the suit was filed. It provided in pertinent part:

"(b) In case a person received money, or the equivalent thereof, as a fee, commission, compensation, or profit by or in consequence of a violation of a provision of this Act, he shall, in addition, be liable to a penalty of not less than the amount of the sum of money so received and not more than three times the sum so received, as may be determined by the court, which penalty may be recovered in a court of competent jurisdiction by an aggrieved person."

Smith and Reaves, in points seven and eight, as grounds for reversal, contend that the above statute would not support a joint and several judgment against Smith and Reaves. We disagree. They collected $51,000.00 as a real estate commission with no agreement as to how the proceeds were to be divided among themselves. The record reveals that both Smith and Reaves violated Article 6573a, Sec. 19(b) by collecting a real estate commission for the sale of land while they did not have a Texas real estate broker's license. They acted jointly in bringing the buyer and seller together to produce the sale. It was not reversible error to decree joint and several liability. See *Wheeler v. American National Bank of Beaumont*, 162 Tex. 502, 347 S.W.2d 918, 926 (1961); *Crisp v. Southwest Bancshares Leasing Co.*, 586 S.W.2d 610, 615 (Tex.Civ. App.—Amarillo 1979, writ ref'd n. r. e.). Points of error seven and eight are overruled.

■ Smith and Reaves, in their final two points of error, claim that the evidence was factually insufficient to support a judgment under Article 6573a and that there was no evidence to support the judgment. The standard of review for a no evidence point has been set out previously. *Garza v. Alvair*, supra. When deciding "insufficient evidence" points, we must consider and weigh all evidence, including any evidence contrary to the trial court's judgment. *In Re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951). See also, *Burnett v. Motyka*, 610 S.W.2d 735 (Tex.1980).

■ Defendants' principal contention that there is insufficient evidence of a violation of Article 6573a focuses on the relationship the parties had to the forum state of Texas. Smith and Reaves were residents of Missouri; the Purdys were residents of California; and Bidwell was a resident of Texas. Smith and Reaves assert that there were insufficient contacts within the state of Texas to apply Texas law to the contract. We disagree. The listing agreement was executed in Texas. Smith and Reaves showed the Purdys numerous motels in the state of Texas. The negotiations leading up to the execution of the contract of sale and the sale itself all occurred in Texas. Where most of the performance of the agreement occurs in Texas, the agreement will be covered by the laws of Texas. *Deveroex v. Nelson*, 517 S.W.2d 658 (Tex.Civ. App.—Houston [14th Dist.] 1975, affirmed 529 S.W.2d 510 [Tex.]). See also, *Hunt v. Coastal States Gas Prod. Co.*, 583 S.W.2d 322 (Tex.1979). Texas law, specifically Tex. Rev.Civ.Stat.Ann. art. 6573a, covers this transaction at bar. There were ample contacts within the state of Texas to apply Texas law to all transactions, including the sale itself. There is sufficient evidence to support the judgment. Points of error nine and ten are overruled.

■ In their sixth point of error, Smith and Reaves take the position that the judgment of the trial court of $30,000.00 in favor of Bidwell and Neill was erroneous in light of the findings of fact and conclusions of law filed by the trial court. We agree. The judgment in question was signed on February 22, 1980. On April 17, 1980, findings of fact and conclusions of law were filed. They explained that the judgment in favor of Bidwell and Neill was twice the commission paid of $15,000.00. On April 24, 1980, additional findings of fact and conclusions of law were filed. They stated that

**450**

the amount of commission actually paid by Bidwell and Neill was $13,970.50. The conclusions of law purported to change the judgment accordingly. The trial judge, however, had lost jurisdiction over the case thirty days after the judgment was entered. Rule 329b, T.R.C.P. Therefore, the trial court could not correct the judgment. This Court, however, may modify or correct the judgment and render such judgment as should have been rendered by the court below. Rule 434, T.R.C.P. See *Pace v. Wells*, 458 S.W.2d 474 (Tex.Civ.App.—Beaumont 1970, writ ref'd n. r. e.). The judgment in favor of Bidwell and Neill should have been $27,941.00, and we modify the judgment accordingly. In all other respects, the judgment of the trial court is affirmed.

MODIFIED, and as modified, is AFFIRMED.

NYE, C. J., not participating.