### BLAUGRUND v. KING.
### No. 3089.

Court of Civil Appeals of Texas. El Paso.
May 31, 1934.

Rehearing Denied June 28, 1934.

Potash & Cameron, of El Paso, for plaintiff in error.

Ernest Guinn, of El Paso, for defendant in error.

HIGGINS, Justice.

King sued Blaugrund to recover damages for breach of a contract of employment. Plaintiff alleged he was employed for a period of six months at a salary of $175 per month, and was wrongfully discharged before the expiration of such period.

All issues submitted to the jury were found in plaintiff's favor, and judgment for $338.68 was rendered in his favor.

██ Error is assigned to a statement made by counsel for plaintiff in argument as follows: "Mr. Blaugrund could afford to experiment, Mr. King could not, because he is a working man."

Appeals in argument to passion or prejudice are improper. Reference to the comparative wealth and poverty of the contending parties are of this nature, and reversals have been frequent, where such comments have been made. The isolated excerpt from the argument in this case may properly be considered, in some degree, objectionable as an inference that King was a poor man and Blaugrund rich. But counsel may indulge in all reasonable deductions from the evidence and comment upon the same, if pertinent to the issues in the case, even though such deductions may indirectly infringe upon the rule invoked by plaintiff in error. Corn v. Crosby County Cattle Co. (Tex. Com. App.) 25 S.W.(2d) 290; Jackson v. Jackson (Tex. Civ. App.) 35 S.W. (2d) 830; Winters v. Duncan (Tex. Civ. App.) 220 S. W. 219; 64 C. J. p. 279, § 297.

The issue was sharply contested whether the plaintiff was employed for the definite period of six months.

The testimony shows King was a furniture salesman and had a good position with the largest furniture store in El Paso. Blaugrund employed him as the manager of a new store which Blaugrund was to open. The success of the same was uncertain. The enterprise was experimental.

King testified:

"A. I was called to the Columbia Furniture Co., at a meeting between Mr. Stowe and Mr. Blaugrund and myself, to thresh out some details regarding my employment to be. Mr. Blaugrund let us down in the basement, and we all set down on a rug pile, and Mr. Blaugrund opened up the conversation by saying 'Mr. King, I understand that you demand a written contract on this proposition.' I said 'Well, Mr. Blaugrund, you can never tell about anybody these days, we've got to be careful when we make a change. I've got a wonderful job with The American, and I don't want to make a mistake. I am getting to the age where I want to make up my mind where to go, but from the conversation as Mr. Stowe has informed me, that this would make a wonderful job, that you want me as a merchandise man to do the buying and the advertising.' And Mr. Blaugrund said 'Mr. King, Mr. Stowe can tell you whether I am a man of my word or not, whether I will keep my promise, and I will tell you now, before Mr. Stowe, that we will try this thing out for six months, and after that, if it is satisfactory, $175.00 a month won't be a starter, but if the thing does not prove satisfactory, then we will call the deal off, and I will guarantee, without any written contract, you can depend on what I tell you, that the salary will be $175.00 a month, and we will try it out for six months.

"Q. Mr. Blaugrund said that in your presence, and in the presence of Mr. Stowe? A. Yes.

"Q. He told you the salary would be $175.00 a month? A. Yes.

"Q. That it would be for a period of six months? A. Trying it out."

It was a reasonable deduction that King would not give up the position he held and accept the employment tendered in an experimental enterprise unless he had a contract of employment for a definite period. That was the effect of the statement in the argument complained of, and in the light of the testimony and issue presented the argument was not improper. See the cases cited above.

The refusal to grant a retrial upon the ground of newly discovered evidence presents no error. The newly discovered evidence is a modification of the testimony of a witness for plaintiff. There is no reason why the matter should not have been developed by the defendant on cross-examination of the witness. A party is not at liberty to refrain from a proper cross-examination of a witness and then, after the trial, present as newly discovered evidence matter which should properly have been developed upon cross-examination of such witness.

Furthermore, in the light of the entire record, it may safely be assumed that the result upon a retrial would not be changed by the modification by the witness of his testimony.

The ruling upon evidence, of which complaint is made, presents no error. 1 Wigmore on Ev. (1st Ed.) § 655; State v. Fox, 25 N. J. Law, 566; Angell v. Rosenbury, 12 Mich. 241.

Finding no reversible error, the judgment is affirmed.

WALTHALL, J., did not sit in this case.