**MORTGAGE COMPANY OF AMERICA et al., Appellants,**

v.

**William F. McCORD et al., Appellees.**

**No. 435.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

April 7, 1971.

Rehearing Denied April 28, 1971.

Joel W. Cook of Schlanger, Cook & Cohn, Houston, for appellants.

Lew W. Harpold and Les Cochran of Hofheinz & James, Houston, for appellees.

SAM D. JOHNSON, Justice.

The appellees, Dr. William F. McCord and Leroy J. Gloger, (hereinafter referred to as plaintiffs) brought this suit against the appellants, Mortgage Company of America and Home Mortgage & Investment Company, (hereinafter referred to as defendants) to cancel checks given the appellants in connection with a loan application and to recover $6,325, the amount of the proceeds of checks cashed by the appellants. A trial to a jury resulted in a verdict on which the trial court rendered judgment that the plaintiff McCord recover $6,325 and declared null and void any and all checks in the possession of the defendants bearing the signature of the plaintiff Gloger. From this judgment the defendants have duly perfected appeal to this Court.

The plaintiffs, Leroy J. Gloger and Dr. William F. McCord, entered into negotiations with the defendant Mortgage Company of America in an effort to obtain financing for a shopping center to be constructed by the plaintiffs in Jasper, Texas. The interim financing was being handled by Houston Bank & Trust Company and the plaintiffs were seeking to obtain a $425,000 loan commitment for the permanent financing. The defendant Mortgage Company of America agreed to undertake to obtain a $425,000 loan for the plaintiffs for 17 years with interest at the rate of 6½% per annum. The plaintiffs agreed to pay the defendant Mortgage Company of America a brokerage fee for obtaining a satisfactory loan commitment of 1% of the proposed loan, or $4,250. One-half of such brokerage fee was to be paid by each of the plaintiffs. On February 9, 1966, a loan application form, stating that $8,500 was attached thereto, was signed by the plaintiffs. The plaintiff Gloger testified that the checks (or check) attached to such loan application was post-dated for one year.

On February 11, 1966, a commitment letter was issued to the plaintiffs. Paragraph thirteen of this commitment issued by the defendant Mortgage Company required a deposit fee of $8,500 but only upon the plaintiffs' acceptance of the commitment. The president of the defendant Home Mortgage Company testified in this connection that under the language of the commitment issued the plaintiffs had no obligation to deposit any sum of money with Home Mortgage until they (the plaintiffs) accepted the commitment. Plaintiffs testified that upon receipt of the commitment they advised the defendants' representative of certain objections they had to the terms of the commitment. The plaintiffs further testified that they were advised that those objections would be met but that Home Mortgage & Investment Company would not accept the post-dated checks. The appellants testified that Home Mortgage wanted, as evidence of good faith, currently dated checks which plaintiffs were assured would not be cashed until their objections to the commitment were satisfied. The currently dated checks were then given by the plaintiffs but their objections to the commitment were never satisfied and the plaintiffs did not accept the commitment. The checks given by McCord and Gloger were negotiated by the defendants. Gloger was able to intercept

his check by stopping payment at the bank. McCord's checks, however, were cashed by the defendant.

The jury found in answer to special issues: (1) that Gloger and McCord delivered their checks subject to a condition that none be cashed unless defendants issued a loan commitment satisfactory to plaintiffs; (2) that the loan commitment issued by Home Mortgage included matters not previously approved by the plaintiffs; (3) that plaintiffs advised the defendants that the commitment included terms not acceptable to them; (4) that McCord did not approve the terms of the commitment and that (5) Home Mortgage & Investment Company did not issue a commitment that would satisfy a reasonable man.

It is apparently the contention of the defendant Mortgage Company of America that its contract with the plaintiffs was evidenced by a combination of an oral agreement with the plaintiffs as the amount of the brokerage fee, the terms of the loan application form signed by the plaintiffs, and by checks delivered to them. The defendants contend that these combined factors constituted an offer which was accepted by them by the delivery of the commitment. Defendants are apparently arguing that this "contract" cannot be varied by subsequent agreement because the "contract" represents the sum total of the transactions between the parties.

Plaintiffs, on the other hand, contend that no contractual obligation attended their signing of the loan application form. The plaintiffs assert that the one-year postdated checks were attached to the loan application form because they had already obtained interim financing and did not immediately need permanent financing. The plaintiffs contend that they subsequently submitted their currently dated checks, as evidence of their good faith, only after the defendants' representative had assured them that such checks would not be cashed until their objections to the commitment (which had then been submitted) were

satisfied. It is the plaintiffs' position that there could be no contractual obligation on their part until their objections to the commitment were satisfied, indeed, that paragraph thirteen of the commitment itself wholly relieved them of any liability until their objections were, in fact, satisfied.

■ In points of error No. 1 and No. 4 defendants object to special issue No. 1. The defendants contend that the trial court erred in failing to disregard the jury's finding to this special issue on the ground that the contractual writings in evidence preclude the existence of any legally enforceable condition as inquired about in such special issue. The evidence presented by the plaintiffs relative to the condition under which they tendered their currently dated checks relates to representations made by defendants' agent subsequent to the execution of the mortgage loan application and the issuance of the loan commitment letter by the defendant mortgage company. Extrinsic evidence may always be offered to show a new agreement or that an existing written contract has been changed, waived or abrogated in whole or in part. Garcia v. Karam, 154 Tex. 240, 276 S.W.2d 255 (1955). Evidence of acts and conduct of a party subsequent to the execution of a contract is not barred by the parol evidence rule. Cavaness v. General Corporation, 155 Tex. 69, 283 S.W.2d 33 (1955). The currently dated checks were not delivered contemporaneously with the signing of the loan application nor were they attached to the application form. Aside from plaintiffs' testimony to this effect, this is made apparent in that the application form bears the date of February 9, 1966 while the plaintiffs' checks bear the date of February 14, 1966. The loan commitment issued by the defendant Home Mortgage Company on February 11, 1966, was never accepted by the plaintiffs and plaintiffs are not prohibited from adducing evidence that defendants' agents varied the terms of the written contract. We hold that the contractual writings in evidence in this case did not preclude the existence of a legally enforce-

able condition made subsequent to the execution of the loan application form. Defendants' points of error one and four are overruled.

▮ The defendants contend in points of error 7 through 11 that the jury's findings to special issues Nos. 1 through 5 are contrary to and against the great weight and preponderance of the evidence. We hold that there was sufficient evidence to support the jury's findings on these special issues and defendants' points of error relating thereto are overruled.

▮ The defendants further contend that the trial court erred in refusing the defendants' motion for mistrial because of the inflammatory closing argument of counsel for the plaintiffs. The relevant portion of that argument follows: " * * (Dr. McCord) is not a financier. Neither is Mr. Gloger. Dr. McCord deals in children's dentistry * * * Mr. Gloger runs a radio station * * * Consider that this is the defendants' business. They knew what they were doing." The defendant contends that this argument was improper and that it emphasizes the disparity between the financial positions of the parties to this case. As a general rule counsel may not in his argument compare the financial positions of the litigants, Wilmoth v. Limestone Products Co., Tex. Civ.App., 255 S.W.2d 532, ref., n. r. e., except where such comparsion is relevant to the issues. · 56 Tex.Jur.2d, Trial, Sec. 306, p. 657; Rothermel v. Duncan, Tex.Civ.App., 365 S.W.2d 398, rev'd on other grounds, 369 S.W.2d 917. The argument here complained of, however, would seem to do no more than demonstrate that the plaintiffs are financially responsible individuals. The argument quoted relates to the comparative knowledgeability of the parties in this type of financing and is therefore relevant to the issue of whether plaintiffs were entitled to or were likely to rely upon representations of the defendants. Even if the argument could be construed to be an indirect emphasis of the financial disparity between the parties, such argument would still be proper because it is pertinent to a material issue in this case. Blaugrund v. King, Tex.Civ.App., 73 S.W.2d 548, dismd.

▮▮ Points of error 13 and 14 relate to objections made to defendants' counsel's comments during closing argument. The defendants' counsel's comments involve references to the defendant Mortgage Company's file. This file was apparently a complete collection of all documents in the defendants' possession regarding the transactions between the parties of this suit. Defendants laid a predicate for the introduction of the file under the terms of Art. 3737e, Vernon's Ann.Tex.St., and the defendants referred to it extensively during the course of the trial. The file itself, however, was *not* introduced into evidence. During the closing argument counsel for the defendant, apparently in an attempt to show the candor and straightforwardness of the defendants, made a statement indicating that the defendants willingly brought their complete file into court. Counsel for the plaintiffs objected to the defendants' statement, saying, "I think we are getting ready to get into something that is not in evidence." The trial judge stated that, "I will sustain his objection to anything that is not in evidence." The counsel for the defendants then asked, "Well, is the ruling that this is not in evidence that we brought the file here?" The court then stated, "The file itself is not in evidence." The next objection and ruling of the court related to the defendants' counsel's statement that "Dr. McCord didn't bring his file." The trial court sustained plaintiffs' counsel's objection to this statement on the ground that it was misleading and not a correct statement.

The defendant first argues that the trial court erred in sustaining plaintiffs' objection to counsel for defendants' comment on facts not in evidence. The arguments of counsel should be strictly confined to a discussion of evidence introduced. Rule 269(e), Texas Rules of Civil Procedure; Levermann v. Cartall, Tex.Civ.App., 393

S.W.2d 931, Ref., n. r. e. The trial court properly sustained the plaintiffs' objection to the defendants' counsel's comments relating to the file of Home Mortgage & Investment Company because the file itself was not in evidence.

The defendant argues that the trial court erred in refusing to permit counsel for the defendants to comment on the failure of the plaintiff McCord to bring his file into court. Such a comment would first, not be altogether accurate in that the record indicates the plaintiffs did in fact introduce several relevant documents into evidence. Additionally, the record does not show that McCord had any other file in his possession or what such file might contain. The trial court properly sustained the plaintiffs' objection to this statement.

We have examined each of the defendants' contentions and points of error and they are overruled. The judgment of the trial court is affirmed.