Richard SIMPSON, Appellant,

v.

WOODBRIDGE PROPERTIES, L.L.C., Appellee.

No. 05–03–01742–CV.

Court of Appeals of Texas, Dallas.

Dec. 29, 2004.

Rehearing Overruled Feb. 4, 2005.

R. Spencer Shytles, Rick J.W. Graham, Graham, Bright & Smith, P.C., Dallas, for Appellant.

Joseph J. Mastrogiovanni, Jr., Mastrogiovanni & Schorsch, P.C., Jeffrey S. Levinger, Carrington Coleman, Sloman & Blumenthal, Dallas, for Appellee.

Before Justices MORRIS, MOSELEY, and FITZGERALD.

## OPINION

Opinion by Justice MORRIS.

This is an appeal from a take-nothing summary judgment against Richard Simpson in favor of Woodbridge Properties, L.L.C. The parties' dispute arose after their real estate purchase agreement expired and Woodbridge refused to sell Simpson the land he had originally contracted to buy. In eight issues, Simpson generally argues the trial court erred in granting summary judgment on the grounds presented in Woodbridge's motion. For the reasons that follow, we affirm the trial court's judgment.

Woodbridge owns a residential development in Collin County. Simpson desired to purchase a site in Woodbridge's development to build a day care center. After negotiations, Simpson and Woodbridge entered into a real estate purchase agreement. The agreement contained a merger clause providing that it was the entire agreement between the parties and further stated, "The Parties shall not be bound by any stipulations, representations, agreements or promises, oral or otherwise not printed or inserted in written form in the Agreement." The agreement also provided Simpson with a thirty-day feasibility period to inspect and test the property. According to the contract, Simpson had ninety days to obtain necessary development approvals. The contract further provided that the closing was to occur on a date established by Simpson no later than thirty days after the development approval deadline. The closing was not completed by the contractual deadline and Woodbridge refused to go forward with the transaction arguing the contract expired by its own terms. Simpson thereafter filed this lawsuit asserting causes of action for fraud, negligent misrepresentation, and violations of the Texas Deceptive Trade Practices Act.

In his petition, Simpson alleged that Woodbridge made material misrepresentations and omissions about the property and never indicated "any problem or time deadlines had or were soon to pass." Simpson sought to recover, among other things, the amount he expended on the property for contractors and tests. Woodbridge moved for summary judgment on all of Simpson's claims asserting both traditional and no-evidence grounds. The trial court granted Woodbridge summary judgment without specifying the grounds on which its ruling was based. Simpson timely appealed.

We conduct a de novo review of a trial court's summary judgment. *Foreness v. Hexamer*, 971 S.W.2d 525, 527 (Tex.App.-Dallas 1997, pet denied). For its traditional summary judgment motion, Woodbridge had the burden to show no genuine issue of material fact existed and that it was entitled to judgment as a matter of law. *See* TEX.R. CIV. P. 166a(c); *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex.1972). With respect to the no-evidence summary judgment, Simpson had the burden to present sufficient evidence to raise a genuine issue of fact on the challenged elements of his claims. *See Gen. Mills Rest., Inc. v. Texas Wings, Inc.*, 12 S.W.3d 827, 832–33 (Tex.App.-Dallas 2000, no pet.).

Among other things, Woodbridge moved for summary judgment on the ground that the contract provision disclaiming reliance on any representations outside the parties' contract negated the reliance element essential to each of Simpson's causes of action. We agree.

A successful claim under the DTPA requires the claimant to prove it detrimentally relied on a false, misleading or deceptive act or practice. TEX. BUS. & COM.CODE ANN. § 17.50(a)(1)(B) (Vernon 2002). Likewise, causes of action for fraud and negligent misrepresentation also require proof of reliance. *See Johnson & Johnson Med., Inc. v. Sanchez*, 924 S.W.2d 925, 929–30 (Tex.1996) (fraud); *Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex.1991) (negligent misrepresentation).

Our review of the record reveals the essence of Simpson's claims focus on Woodbridge's failure to proceed with the sale even though the contractual closing deadline had expired. Simpson complains that he spent substantial sums on site testing and development pursuant to the contract in reliance on Woodbridge's feigned willingness to proceed with the project and assurances that the sale would timely close. He suggests that Woodbridge secretly hoped the sale would not proceed after it discovered Simpson's day care center's location would interfere with Woodbridge's ability to place restaurants and private clubs on their designated tracts in the development. In his brief, Simpson identifies the following alleged misrepresentations to support his claims: (1) Woodbridge told him everything was okay with the development of the property; (2) Woodbridge "in so many words" told him not to concern himself with the agreement deadlines; (3) Woodbridge guaranteed Simpson that everything he needed to make complete his feasibility study and development plan would be done in a timely manner so there would be no problem closing by the deadline; and (4) Woodbridge told Simpson "we would be able to close in a timely manner."

As noted above, however, Simpson contractually agreed not to rely on any representations made outside of the contract. Moreover, the parties' contract specified a precise deadline for the closing date. Consequently, the parties' contract vitiated any reliance Simpson may have placed on vague references attributable to Woodbridge with respect to its willingness to complete the sale irrespective of the deadlines specifically set forth in the contract. *See C & A Inv., Inc. v. Bonnet Res. Corp.*, 959 S.W.2d 258, 263 (Tex.App.-Dallas 1997, writ denied). Because the summary judgment evidence conclusively negates the reliance element essential for all of Simpson's claims, the trial court did not err by granting Woodbridge's motion for summary judgment. Our disposition of this issue makes it unnecessary to address Simpson's remaining issues.

We affirm the trial court's judgment.