Affirmed and Memorandum Opinion filed May 8, 2008








Affirmed and Memorandum Opinion filed May 8, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00986-CV

____________

 

BIOSILK SPA, L.P., f.k.a. ONE
MARENGO, L.P.,
Appellant

 

V.

 

HG SHOPPING CENTERS, L.P., Appellee

 



 

On Appeal from the 234th
District Court

Harris County, Texas

Trial Court Cause No. 2006-20479

 



 

M E M O R A N D U M   O P I N I O N

Appellant BioSilk Spa, L.P., f.k.a. One Marengo, L.P.
appeals from a summary judgment granted in favor of appellee, HG Shopping
Centers, L.P., on appellant=s claims of fraud, fraudulent inducement,
negligent misrepresentation and promissory estoppel.  Because we conclude that
HG conclusively negated the element of reasonable reliance, we affirm the trial
court=s judgment.








I.  Factual and Procedural Background

At issue in this dispute is HG=s refusal to allow
BioSilk to post on the exterior walls of the Houston Galleria a sign containing
the Atag line@ AChi Color Salon.@[1]  Under a lease
agreement (Lease) dated December 31, 2002, BioSilk rented space in the Galleria
from HG.  The terms of the Lease limited signage to BioSilk=s trade name and
specifically required BioSilk to obtain HG=s approval before
posting any signs, either inside the mall or on the exterior walls of the mall.[2]
 The Lease also contained Amerger@ and Adisclaimer of
reliance@ language stating
that all changes or additions to the agreement between the parties would be in
writing and that BioSilk would not rely on any representations, oral or
otherwise, not contained in the Lease.[3]








To attract more customers and increase visibility, BioSilk
sought permission from HG in August 2005 to place a sign on the exterior of the
building.  Previously, in a letter dated May 2003 (the Letter), HG had advised
BioSilk, ALandlord hereby acknowledges its consent to Tenant=s use of the
tradename >BioSilk Spa= at the Premises. 
Please be advised that Tenant=s new signage must conform to Landlord=s sign criteria
and must be approved in writing by Landlord prior to installation.@

BioSilk submitted its first drawing of a proposed sign to
HG for approval in August 2005.  The sign read ABioSilk Spa, Chi
Color Salon.@  HG replied in a letter directing BioSilk to APLEASE SEE ALL
COMMENTS ON DRAWINGS.@  On the accompanying drawing, HG had
written comments requesting changes to the letter height and to the overall
design of the sign.  HG also wrote, ASIGN LIMITED TO
DBA ONLY.  NO TAG LINES.@  Three months later, BioSilk submitted
another drawing of a proposed sign.  The second proposal incorporated the
changes relating to design and letter height, but the sign still read, ABioSilk Spa, Chi
Color Salon.@  HG=s written reply again included a request
that BioSilk APLEASE SEE ALL COMMENTS ON DRAWINGS.@  The comment on
the drawing, written in large letters stated, ATAG LINES NOT
PERMITTED.  RESUBMIT.@

BioSilk filed suit, claiming fraud, fraudulent inducement,
negligent misrepresentation, and promissory estoppel.  BioSilk alleged it was
losing money because customers could not locate the store.  Biosilk further
claimed that it had been induced by HG to remain in the lease by
misrepresentations that an exterior sign would be allowed.  HG moved for
summary judgment on the grounds that BioSilk could not establish a
misrepresentation or misstatement of existing fact and that the merger and
disclaimer of reliance language in the Lease precluded BioSilk=s claims.  As
summary judgment evidence, HG submitted the Lease, the Letter, and HG=s responses to
both sign proposals.








In its response to HG=s summary judgment
motion, BioSilk argued that HG=s summary judgment arguments and evidence
applied only to pre-Lease misrepresentations.  BioSilk clarified that the
alleged misrepresentations occurred subsequent to entering the Lease.  As
summary judgment evidence supporting its post-Lease misrepresentation argument,
BioSilk attached an affidavit from Chris Marteeny, a BioSilk executive who had
participated in the sign negotiations with HG.  The trial court granted summary
judgment for HG.

In its first three issues, BioSilk argues the trial court
improperly rendered summary judgment because HG did not conclusively negate the
elements of misrepresentation or reasonable reliance.  In its fourth issue,
BioSilk contends the trial court erred in granting summary judgment on BioSilk=s request for
attorney=s fees.

II.  Standard of Review

The standard of review for a traditional motion for summary
judgment is whether the successful movant at the trial level carried its burden
of showing that there is no genuine issue of material fact and that judgment
should be granted as a matter of law.  See Tex. R. Civ. P. 166a(c); KPMG Peat Marwick v. Harrison
County Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999).  Conclusively
negating at least one of the essential elements of each of the plaintiff=s causes of action
or conclusively establishing all elements of an affirmative defense entitles a
defendant to summary judgment.  Johnson v. Felts, 140 S.W.3d 702, 706
(Tex. App.CHouston [14th Dist.] 2004, pet. denied).  To
conclusively negate at least one of the requisite elements, the motion must
identify or address the cause of action or defense and its elements.  Id.  Evidence
is conclusive only if reasonable people could not differ in their conclusions. 
City of Keller v. Wilson, 168 S.W.3d 802, 816 (Tex. 2005).  Under this
traditional standard, this court must take as true all evidence favorable to
the nonmovant and must make all reasonable inferences in the nonmovant=s favor.  See
id. at 824.








When, as here, the trial court does not specify the basis
for its summary judgment, we will affirm the judgment if any one of the
theories advanced in the motion is meritorious.  See Star‑Telegram,
Inc. v. Doe, 915 S.W.2d 471, 473 (Tex. 1995).  In other words, the burden
rests on the appealing party to show that each independent ground alleged is
insufficient to support the summary judgment granted.  See id.

III.  Analysis

In its second issue, BioSilk contends HG=s summary judgment
evidence failed to negate the element of reasonable reliance.  BioSilk claims
that the Amerger@ and Adisclaimer of
reliance@ language in the
Lease do not apply to representations or agreements made subsequent to a
contractual agreement.  Because this issue is dispositive of the appeal, we
address it first.








Fraud, fraudulent inducement, negligent misrepresentation,
and promissory estoppel all require reasonable and justified reliance upon a
misrepresentation or promise.  See Ernst & Young, L.L.P. v. Pac. Mut.
Life Ins. Co., 51 S.W.3d 573, 577 (Tex. 2001) (fraud); TMI, Inc. v.
Brooks, 225 S.W.3d 783, 792, 795 (Tex. App.CHouston [14th
Dist.] 2007, pet. denied) (fraudulent inducement); Ortiz v. Collins, 203
S.W.3d 414, 421 (Tex. App.CHouston [14th Dist.] 2006, no pet.)
(fraud, negligent misrepresentation, and promissory estoppel).  When the
parties= written agreement
addresses the substance of the oral statement and contains language precluding
reliance on external representations, Texas courts find reliance on subsequent
oral promises unreasonable.  See Simpson v. Woodbridge Props., L.L.C.,
153 S.W.3d 682, 684 (Tex. App.CDallas 2004, no pet.) (holding that
disclaimer of reliance clause in contract negated reliance on post‑contract
oral misrepresentations); Atlantic Lloyds Ins. Co. v. Butler, 137 S.W.3d
199, 226 (Tex. App.CHouston [1st Dist.] 2004, pet. denied)
(holding that reliance on misrepresentation that was easily refutable with
reasonable diligence was not justified or reasonable where two opposing parties
were engaged in litigation and negotiating from equal bargaining positions); DRC
Parts & Accessories, L.L.C. v. VM Motori, S.P.A., 112 S.W.3d 854, 856,
858B59 (Tex. App.CHouston [14th
Dist.] 2003, pet. denied) (holding that reliance on both pre- and
post-contractual oral representations, directly contradicted by express terms
of contract, was not justified as matter of law); Airborne Freight Corp. v.
C.R. Lee Enters., Inc., 847 S.W.2d 289, 297 (Tex. App.CEl Paso 1992, writ
denied) (finding that written contract containing ample cautionary language
precluded exclusive reliance by reasonable businessperson on verbal statements
contradicting written agreement). 

We conclude HG=s summary judgment
evidence negated the element of reasonable reliance.  The Lease unambiguously
disclaimed reliance on any representations, oral or otherwise, not contained in
the Lease.  See DRC Parts & Accessories, 112 S.W.3d at 858B59.  Moreover, by
requiring that all changes or amendments be in writing and signed by both
parties, the Lease provided additional notice to BioSilk not to rely on oral
representations.  See Bluebonnet Sav. Bank, F.S.B. v. Grayridge Apartment
Homes, Inc., 907 S.W.2d 904, 908 (Tex. App.CHouston [1st
Dist.] 1995, writ denied) (noting that clause requiring that amendments to
contract be in writing is additional notice not to rely on oral
representations).  Finally, HG communicated to BioSilk in writing and in no
uncertain terms that HG would not approve a sign containing the tag line AChi Color Salon.@  We find that the
Lease and written correspondence between HG and BioSilk contained ample
language precluding a reasonable business person from relying exclusively on
any alleged oral representations by HG that contradicted the terms of the Lease
and the written communications between the parties.  See Airborne, 847
S.W.2d at 297B98.








BioSilk
relies on Marrot Communications v. Spring Branch Medical Center, Mortgage Co. of
America v. McCord,
and Garcia
v. Karam to support
its position that courts may give consideration to post‑contract
modifications and understandings, despite contractual language to the
contrary.  See Garcia v. Karam, 276 S.W.2d 255, 257 (Tex. 1955); Marrot Communications, Inc. v.
Spring Branch Med. Ctr., Inc., No. 14-04-00462-CV, 2006 WL 397469, at *3B4 (Tex. App.CHouston [14th Dist.] Feb. 21, 2006,
pet. denied) (mem. op.); Mortgage Co. of Am. v. McCord, 466 S.W.2d 868,
871B72 (Tex. Civ. App.CHouston [14th
Dist.] 1971, writ ref=d n.r.e.).  We do not find these cases persuasive.  Neither Mortgage
Co. nor Garcia involved a merger clause or other language precluding
reliance.  In Garcia, enforcement of an oral modification turned
on whether the modification fell within the statute of frauds.  See Garcia,
276
S.W.2d at 257.  The
statute of frauds does not apply in the instant case.  In Mortgage Co.,
the court found subsequent oral modifications to contractual writings
enforceable on grounds that the plaintiffs had never accepted the terms of the
contract in the first place.  See Mortgage Co., 466 S.W.2d at
871B72.  It is undisputed that BioSilk accepted
the written terms of the Lease.  Finally, Marrot is distinguishable
because while the contract at issue did contain language precluding reliance,
unlike the instant case where BioSilk does not allege it was fraudulently
induced to enter into the Lease, the Marrot court allowed the party
asserting reliance to avoid the contractual provision because the evidence
showed they had been fraudulently induced to enter the contract.  See Marrot,
2006 WL 397469, at *3 n.4. 

Because HG conclusively negated the element of reasonable
reliance, we conclude the trial court properly granted summary judgment for
HG.  We overrule BioSilk=s second issue.  Further, in light of our
conclusion that the trial court properly granted summary judgment in favor of
HG, we need not consider BioSilk=s remaining
issues.

We affirm the trial court=s judgment.

 

 

/s/      Leslie B. Yates

Justice

 

 

Judgment rendered
and Memorandum Opinion filed May 8, 2008.

Panel consists of
Justices Yates, Guzman, and Price.*

 

_______________________________

*Senior Justice
Frank C. Price, sitting by assignment.









[1]  It is undisputed that BioSilk=s Trade Name was ABioSilk
Spa@ and the accompanying phrase AChi Color Salon@
constituted a Atag line.@





[2]  Section 8.9 of the Lease provides:

 

[O]ther than as permitted under the provisions [in]
the Lease, Tenant shall not permit or suffer any advertising medium to be
placed on mall walls, on Tenant=s mall or
exterior windows, on standards in the mall . . . .  No permission, expressed or
implied, is granted to exhibit or display any banner, pennant, sign, and trade
. . . decoration of any size, style or material within the Center, outside the
Premises . . . .

 

Paragraph I.B.11 in the Description of Tenant=s Work section provides in part, AStorefront identification signs shall be limited to
Tenant=s Trade Name as approved in this Lease or as otherwise
approved in writing by Landlord.@





[3]  Section 24.3 provides:

 

There are no representations, covenants, warranties, promises,
agreements, conditions or undertakings, oral or written, between Landlord and
Tenant other than herein set forth.  Except as herein otherwise provided, no
subsequent alteration, amendment, change or addition to this Lease shall be
binding upon Landlord or Tenant unless in writing and signed by them.  Tenant
acknowledges that it has independently investigated the potential for the
success of its operations in the Center and has not relied upon any inducements
or representations on the part of Landlord or Landlord=s representatives, other than those
contained in the Lease.